PHILIP SHULMAN, as Administrator, etc., of IRVING SHULMAN, Deceased, Appellant, v. ROSETH CORPORATION, Respondent.

First Department, January 10, 1930.

*Sidney S. Bobbé* of counsel [*Harold S. Budner*, attorney], for the appellant.

*Everett F. Warrington* of counsel [*Robert H. Woody*, attorney], for the respondent.

PROSKAUER, J. The plaintiff appeals from a judgment entered upon a dismissal of the complaint in an action to recover damages for the death of plaintiff's intestate resulting from an automobile accident.

From the evidence the jury might have found that the defendant's automobile was proceeding in a westerly direction on One Hundred and Twenty-third street, in the borough of Manhattan. Beyond the westerly corner of Lexington avenue a moving van was parked on the northerly side of the street. The defendant's automobile turned to the left to pass this van. The plaintiff's intestate, a child of five, was playing ball and was struck by the defendant's automobile as he ran to recover his ball at a point on the southerly or left-hand side of the roadway. There was also evidence from which the jury could have found that there was no warning signal, that the automobile was going at an unusually fast speed, and that the chauffeur acted negligently in not stopping his car as the child ran in front of the automobile. The defendant's witnesses give a very different version of the accident, with which we need not be concerned inasmuch as the complaint has been dismissed. The burden of showing contributory negligence was here on the defendant and would in any event have been a question for the jury. There was sufficient evidence upon which a jury might have found negligence.

There was also error in a ruling of the trial court. The plaintiff sought to show that a witness was qualified to express an opinion as to the speed of the defendant's automobile by showing that he had frequently ridden in automobiles and had examined the speedometers in order to familiarize himself with the speed at which the automobiles were going. The learned trial justice excluded this testimony on the ground that the speedometers might have been inaccurate. Under modern conditions a speedometer must be regarded as an instrument of measure very much as a watch or a foot rule and the witness should have been permitted to give the evidence sought to be elicited.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and MCAVOY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.