THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILMER THOMAS, Appellant.

County Court, St. Lawrence County, December 27, 1950.

*Allen L. Gurley* for appellant.

*Charles E. Bowers, District Attorney* (*Roger Daniels* of counsel), for respondent.

SANFORD, J. The above matter is brought before this court on an appeal taken by the defendant-appellant from a decision rendered by VERNER M. INGRAM, Justice of the Peace of the town of Potsdam, St. Lawrence County, New York. In the lower court the defendant-appellant was found guilty of a traffic infraction of speeding, pursuant to the provisions of subdivision 3 of section 56 of the Vehicle and Traffic Law.

On August 25, 1949, on information from two deputy sheriffs of the County of St. Lawrence, said defendant-appellant was duly arrested and arraigned in Justice's Court on the above-mentioned charge. Upon being advised of all his rights and entering a plea of not guilty, the matter was adjourned and later brought to trial in said Justice's Court on October 20, 1949. Defendant-appellant was represented by counsel at said trial, the testimony of the two deputy sheriffs who made the arrest was taken, together with that of the testimony of the defendant-appellant and his wife, the only other occupant of defendant's car. During the course of the trial, and pursuant to section 344-a of the Civil Practice Act, the People requested the court to take judicial notice of the contents of a certificate, dated September 12, 1949, issued under the hand and seal of the State Traffic Commission of the State of New York, certifying that there is no rule issued by said State Traffic Commission permitting a speed in excess of fifty miles per hour on any of the New York State highways. Said certificate was offered and received in evidence over the objection by the defendant-appellant who contended that the said certificate is not a rule or regulation of this State but is merely a statement of something that never happened and, therefore, constitutes an attempt to prove a negative and further contended that the only method by which the People can prove that the State Traffic Commission has not made an order permitting a rate of speed in excess of fifty miles per hour on the Potsdam-Canton highway is by producing in court upon the trial, an officer or director of the State Traffic Commission or else by the taking of his deposition in the manner provided by the Civil Practice Act. The defend-

ant-appellant's motion to dismiss was overruled and the court found the defendant-appellant guilty as charged in the information and a fine was imposed and paid.

In defendant's affidavit on appeal, he alleges that the following errors were committed in said action:

1. The court erred in taking judicial notice of the letter from the State Traffic Commission,

2. That the court erred in receiving said letter in evidence,

3. That the court erred in denying the motion in behalf of defendant-appellant to dismiss the information and discharge the defendant-appellant,

4. That the court erred in denying the motion in behalf of defendant-appellant at the end of the entire case for a dismissal of said information and discharge of defendant-appellant on all of the grounds hereinbefore stated.

In reviewing the return from the Justice of the Peace in this matter, it seems that the most important question involved is that concerning the right of the Justice to take judicial notice of the contents of the certificate submitted on behalf of the People and concerning the fact that there is no rule or regulation promulgated by the State Traffic Commission permitting any speed in excess of fifty miles per hour on any of the highways in New York State. Coupled with that is the question as to whether or not the Justice was correct in receiving said certificate in evidence.

Before the passage of section 344-a of the Civil Practice Act there would be little doubt that the Justice could not take judicial notice of the contents of the certificate received in evidence in this case. Since the passage of section 344-a of the Civil Practice Act, there is no doubt that the Justice could take judicial notice, not only of the contents of certificate from the State Traffic Commission, stating that there was no rule or regulation permitting speed in excess of fifty miles per hour on the highways of the State of New York, but also irrespective of said certificate, the Justice could take judicial notice of the absence of any rule or regulation by the State Traffic Commission permitting a speed in excess of fifty miles per hour on the Potsdam-Canton Highway or any other highway in the State of New York. There is no question but that section 344-a of the Civil Practice Act does extend the powers of the courts of this State to take judicial notice of matters of law. To say that the courts of this State could take judicial notice of the rules and regulations of the State Traffic Commission, and not be able to take judicial notice of the absence of certain rules

and regulations, would not be carrying out the intent of the law. This would be the same as to say that a trial court may not obtain information of a negative status of administrative law from the same sources and with the same facility as it could obtain information of a positive administrative ruling. The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature and in so doing, the courts must consider the purpose of the enactment in the light of the conditions sought to be remedied.

In his appeal, the defendant-appellant places great reliance upon the case of *People* v. *Smith* (192 Misc. 965, affd. 299 N. Y. 707). This case decided in 1949 holds, among other things, that the question in speeding cases as to whether or not the State Traffic Commission may possibly have a rule or regulation whereby a speed in excess of fifty miles per hour on the State highways would not be a violation of the speed limit is a question of fact to be pleaded and proved by the People in its prima facie case. It would appear that under the rule in the *Smith* case, the people in the present case had to prove that the State Traffic Commission has not promulgated any rule or rules permitting a speed in excess of fifty miles per hour on the New York State highways. The People attempted to prove this by offering in evidence a certificate stating that there is no such rule or regulation allowing a speed greater than fifty miles per hour along any highway within the State of New York; said certificate was duly signed by the Director of the State Traffic Commission and contained the State Seal. There can be no doubt but that this certificate was used as a basis for the judicial notice concerning the contents thereof in the lower court and also as a matter of proof that there is no rule or regulation permitting a speed of more than fifty miles per hour on the New York State highways. There can be no question but that the State Traffic Commission has a legal authority to promulgate rules regarding the speed at which one may travel on the New York State highways and under section 66 of the Public Officers Law, there can be no question but that the Director of said State Traffic Commission could issue under seal, the certificate presented in this case.

The court finds as follows in this matter:

1. That the testimony in this case proves beyond a reasonable doubt that the defendant-appellant on August 25, 1949, had violated the provisions of subdivision 3 of section 56 of the Vehicle and Traffic Law,

2. That under section 344-a of the Civil Practice Act, the Justice could take judicial notice of the rules and regulations of the State Traffic Commission,

3. That the additional proof required under the decision in *People* v. *Smith* (*supra*) was made by the People in this case by the proof that there is no rule or regulation of the State Traffic Commission permitting a speed in excess of fifty miles per hour on the highways of the State of New York, as shown by the certificate of the State Traffic Commission which was duly received in evidence,

4. That said certificate is proper legal evidence and was rightly received in evidence by the lower court.

It is the order of this court that the decision found in the lower court be, and hereby is in all respects, affirmed.