THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
STANTON L. RICE, Appellant.

County Court, Columbia County, December 23, 1954.

*Kenneth R. Garrison* for appellant.

*John N. McLaren, District Attorney,* for respondent.

CONNOR, J. The right, privilege or license to operate a motor vehicle is important and precious. Its loss in many instances creates a greater hardship than would imprisonment for a limited period of time. For this reason the procedure for the trial of violations of the Vehicle and Traffic Law which carry with them in addition to the prescribed punishment, the loss of a license to operate a motor vehicle, should be surrounded with all of the safeguards which legal jurisprudence has given to the trial of criminal cases and civil cases involving property rights.

On the 30th day of October, 1954, the defendant was operating a motor vehicle on the Taconic State Parkway in the town of Gallatin, Columbia County, New York. He was involved in no accident. The highway was almost entirely barren of any other vehicle. He was arrested by a town constable of the Town of Gallatin and arraigned before Justice of the Peace LESTER WHITNEY, charged with the violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York.

The defendant holds an important position which requires him to cover twenty or so counties of the State of New York with a motor vehicle. He retained eminent counsel to represent him and appeared for trial before the Justice of the Peace. On the trial of the action the Justice of the Peace swore the arresting officer. He introduced into evidence two letters without laying any foundation for their introduction, which letters purported to show that the speedometer on the arresting officer's vehicle was accurate. The defendant objected to the introduction of the letters. The objection was proper and should have been sustained. The arresting officer was asked no other questions, gave

no other answers, except that he was asked to read into the record the information upon which the arrest was made. This procedure was also objected to and the objection was overruled. The information, of course, contained conclusions of law as well as conclusions of fact. The defendant was given no opportunity to object to any question or to strike out any answer, for no questions were asked and no answers were made. This constituted the entire case of the People against the defendant. There was no proof that the State Traffic Commission had designated the area where the automobile was traveling as having any different speed regulation than that generally throughout the State. At the end of the People's case the defendant moved to dismiss the information for failure of proof and the motion should have been granted, for there was no proof of any kind of any legal facts upon which a conviction could stand.

The highways of our State have many uniform-happy individuals prowling the highways waiting for someone upon whom they can satisfy their still childish yearning for a display of their importance. If the citizens of our State are to be subjected to any individual possessed with such yearnings and sufficient money to outfit themselves with uniform, gun, badge and handcuffs, then it is all the more important that the convictions after the arrest by such individuals, be carefully scrutinized.

The conviction is reversed. The court below is directed to remit the fine and the Commissioner of Motor Vehicles of the State of New York is directed to cancel all records in connection with such conviction.