Milton A. Wiltse, J.
It appears that the above-named defendant was convicted under subdivision 3 of section 56 of the Vehicle and Traffic Law, in the Town of Le Ray, Jefferson County, New York, before the Hon. Ernest Stalder, Justice of the Peace, on April 14, 1954.
Defendant appeals from the judgment of conviction. He alleges several errors of law, and also claims that the facts adduced by the People upon the trial do not prove his guilt beyond a reasonable doubt; and relies upon same as a basis for asking that the judgment of conviction be reversed.
It does not appear to be essential to elaborate upon the several errors that are claimed by the defendant to have been committed upon the trial, other than the allegation that the court erred in admitting certain testimony concerning the accuracy of the speedometer upon the automobile of the arresting officer who followed the defendant’s automobile. It appears from an examination of the record of the trial, that this particular claim is well founded, and that the admission of this testimony was error, and prejudicial to the interests of the defendant.
As to the proof offered with respect to the accuracy of the speedometer, the court allowed a so-called “ certificate ”, or *693 paper, that was purportedly signed by a mechanic at a garage, to be received in evidence regarding the same. This paper was identified by the arresting officer during his testimony as being a statement to the effect that the mechanic who signed the same had tested the speedometer in February of 1954, and that it accurately showed the speed of the vehicle operated, then, and at the time of the arrest by the officer. Based upon the testimony regarding this speedometer accuracy, the officer proceeded to testify that the defendant had operated his automobile in excess of the speed permitted by subdivision 3 of section 56 of the Vehicle and Traffic Law. The only other testimony regarding speed of defendant’s car was based upon an opinion by the officer under circumstances which are more fully set forth herein.
As to such testimony relating to speed, it was affirmatively adduced that the officer was separated from the defendant’s car during the time that he was followed, and the moment of his arrest, by other cars. There was necessarily some lapse of time, and some obstruction of the view of the officer during such period. This testimony, and the other facts, present doubts as to whether it was possible for the officer either to observe and identify the automobile operated by the defendant, or to know its speed.
Be that as it may, the erroneous admission of the afore-mentioned " certificate ’ ’, together with the failure to produce sufficient competent testimony relating to the speed of defendant’s vehicle, necessitates a finding that the prosecution has failed to prove the guilt of the defendant beyond a reasonable doubt.
The judgment of conviction herein is, therefore, reversed, the fine remitted, the sentence vacated and set aside, and the defendant discharged.
An order may be entered accordingly.