George A. Brenner, J.
Defendant appeals from a judgment of conviction upon a charge of speeding (Vehicle and Traffic Law, § 56, subd. 3) after a trial in the Justice Court, Town of Yorktown, on April 11, 1955.
According to the information signed by the police officer, and his testimony at trial, defendant was operating his automobile *517 at fifty-five to sixty miles per hour on Route 202 at a place where, according to a certificate of the State Traffic Commission, in evidence, no speed greater than fifty miles per hour has been allowed. The officer, the People’s only witness, further testified that he clocked defendant for about ‘ ‘ .08 of a mile ” at the excessive rate, using, for purposes of ascertaining the rate, the speedometer in the police car. This was the only testimony concerning defendant’s speed, except for defendant’s statement that he did not know how fast he was going.
The officer’s testimony then continued: “ Court: Was your speedometer on the patrol car checked? Off. Levy: Yes, about two weeks ago. Court: At what speed was it checked, Off. Levy: At 60 miles per hour and at 30 miles per hour. It was found to be correct to within one mile per hour at both speeds.”
Defendant, appearing as his own counsel, did not object to this testimony, nor move to strike it. On this appeal, he claims this was hearsay, and should not have been admitted. I think the objection has been waived, and is not available to defendant on this appeal.
Since, however, this is the only testimony as to the accuracy of the speedometer, a question arises as to the sufficiency of the evidence, as a whole, beyond a reasonable doubt. I do not think it is sufficient.
There is no evidence at all that the officer performed the checking of the speedometer; he did not testify to any personal knowledge of the speedometer’s accuracy. On the contrary, he testified that ‘ ‘ it was found to be correct, ’ ’ presumably, from the form of words, by someone else not named. His testimony is clearly hearsay, and should have been excluded by the trial court itself.
In People v. Rice (206 Misc. 999) the only evidence as to accuracy of the speedometer consisted of two letters, received in evidence without foundation, purporting to establish accuracy. This was error, and there being no legal evidence on the point, the conviction was reversed. A similar “ certificate ” from a mechanic, placed in evidence through a police officer, was deemed hearsay and insufficient to establish guilt, in People v. Greenhouse (136 N. Y. S. 2d 675).
In support of the conviction here, the People cite People v. Martin (129 N. Y. S. 2d 888, 889) for the proposition that it is not part of the People’s case to prove the accuracy of the speedometer. That case relies on People v. Thomas (199 Misc. 163) which however, turns on a question of judicial notice of the State Traffic Commission certificate; what the other testimony *518 was does not appear from the report. Thus the Thomas case relates to a like central issue in the Martin case, concerning the speed limit certificate, and provides the basis for the holding in the Martin case that guilt appeared beyond a reasonable doubt. It is true that there is testimony in the Martin case concerning the clocking of the defendant’s speed, but this is not the same as testimony concerning the accuracy of the instrument used for the clocking. In short, the cases cited do not support the proposition urged.
And as to that, I say only that, whether or not the People are obliged to prove the accuracy of the speedometer, I do not see how, in the context of this case, the People could have proved guilt beyond a reasonable doubt without proving the accuracy of the speedometer. It is significant that here the People assumed and attempted to discharge that burden of proof.
The hearsay testimony is disregarded. The police officer’s testimony is thereby reduced to a mere opinion as to defendant’s speed without foundation or expert qualification, and may also be disregarded. (People v. Greenhouse, 136 N. Y. S. 2d 675, 677 supra.) There is, consequently, no legal evidence as to defendant’s speed, and a failure of proof on the part of the People.
The judgment of conviction is reversed, the fine remitted, and the information is dismissed. Submit order.