Lent, J.
This is an appeal from a judgment of the Police Justice Court of the Incorporated Village of Garden City in this county, convicting the defendant of speeding under a local ordinance limiting the speed of motor vehicles to thirty miles an hour. After trial, the court found defendant guilty of speeding at fifty-two miles per hour, fined him $75 and revoked his license for a third offense of speeding within eighteen months.
*630 Despite a belief which stems from ,a reading of the entire record, that sufficient legal evidence was available to establish the guilt of the defendant beyond a reasonable doubt, this court is constrained to the view that the lower court erred both in receiving in evidence a so-called test certificate certifying to the substantial accuracy of the speedometer of the police car whose driver “clocked” the defendant and in denying defendant’s motion to dismiss at the end of the People’s case.
Aside from the officer’s statement that the defendant “ proceeded at an excessive rate of speed ” and that when he first observed defendant ‘ ‘ he was racing away from a light ’ ’, which are conclusory allegations of both law and fact, the only testimony of defendant’s actual or approximate speed given in terms of miles per hour is predicated upon the officer’s testimony of his speedometer readings of forty-five and fifty-two miles per hour while in pursuit of the defendant’s car. To substantiate this testimony there was offered by the People and received by the court over the objection and exception of the defendant the so-called “ test certificate ” above alluded to, as coming from the records of the Garden City Police Department. Such certificate is entitled “ Police Speedometer Test Certificate ” and is issued by a garage certifying to a test of the police car speedometer. That this type of certificate is inadmissible in evidence where such is the only foundation laid for its reception seems well established (People v. Greenhouse, 136 N. Y. S. 2d 675; People v. Rice, 206 Misc. 999; People v. Rothstein, 1 Misc 2d 516).
The People contend that a contrary view was expressed in People v. Tyler (109 N. Y. S. 2d 756) and that in any event such certificate may be received as an entry made in the regular course of business under section 374-a of the Civil Practice Act.
The court cannot agree with either of such contentions. In People v. Tyler (supra) the officer observed the speedometer test which was conducted as a routine test within the police department and the result of such test was visible to and known by him. In the instant case, the test was conducted by an outside agency engaged for that purpose. The test was not observed by the arresting officer nor was the person who conducted the test or the police sergeant whose name appears thereon as a witness to the test called by the prosecution. Under such circumstances, the certificate came within the condemnation of the rule laid down in the cases cited above.
Section 374-a of the Civil Practice Act, permitting entries made in the regular course of business to be introduced in *631 evidence, might apply to a record of a routine test made by the police department. The certificate in this case did not relate, however, to a transaction or occurrence conducted by the police department but rather to a transaction conducted by a third party, the hearsay results of which were produced by the police department.
This court does not intend by this decision to lay down a rule that such test certificates as here introduced are inadmissible under any circumstances but simply that the proper foundation was not laid for the introduction of this test certificate in evidence. Moreover, the court cannot concur with the recently expressed opinion of one of our brethren that a police officer’s opinion testimony as to speed may be disregarded (People v. Rothstein, supra) if the court there intended to enunciate a rule extending beyond the facts of that case.
This court recognizes that circumstances often exist when a conviction should be reversed where the only competent testimony upon which it rests is the opinion testimony of the officer relating to the defendant’s speed (People v. Greenhouse, supra) for such testimony alone might be insufficient to establish a defendant’s guilt beyond a reasonable doubt. Into such category might fall such cases in which a few miles per hour separate the opinion speed from the maximum speed permitted. However, who could gainsay an opinion expressed by a police officer or ordinary automobilist of experience containing an approximate speed in miles per hour recognized by the court as being well in excess of the lawful limit, where such person has observed some exponent of jet propulsion driving an automobile over a distance of ground! Certainly, in such an instance, the testimony, if believed by the court, could establish guilt beyond a reasonable doubt even if the person in pursuit had a broken speedometer. As hackneyed as the phrase may seem, it is still fundamental that each case must rest on its own separate state of facts. Here it rests solely upon the legal conclusion of the officer that the defendant was speeding and racing away and a speedometer reading supported by an improperly received "test certificate ”, Such was short of the test that there must be competent proof of facts upon which a conviction may stand.
Judgment of conviction reversed and fine remitted.