Norman F. Lent, J.
This is an appeal from a judgment of the Police Justice Court of the Incorporated Village of Garden City convicting the defendant of speeding under a local ordinance limiting the speed of motor vehicles to 30 miles an hour. After trial, the court found defendant guilty of speeding at 46 miles per hour and fined her $15.
It may be observed parenthetically that the rate of speed condemned by the ordinance need not be maintained for any particular distance in order to constitute a violation thereof and that defendant does not challenge the legality of said ordinance.
The defendant’s speed was established by an electric device known as a speed watch. The speed watch consists of two rubber hose set across the road a distance of 132 feet apart. When the front wheels of a vehicle, whose speed is being clocked, strike the first hose, a clock is set in operation. When the wheels strike the second hose, the clock stops and a reading of the speed of the motor vehicle in miles per hour is recorded on the speed watch.
On July 29, 1955, officer Zeiner, of the Garden City Police Department, who was operating the speed watch on Rockaway Avenue and Fourth Street, Garden City, after having assisted in setting it up, apprehended the defendant for operating a motor vehicle at a speed indicated on the watch as 46 miles per hour. The officer testified that he had received a course of instruction in the operation of the speed watch, had operated it extensively for seven months last past and had frequently set it up and tested it.
There was a great wealth of testimony thereupon introduced seeking to establish the accuracy of the speed watch. The arresting officer testified that on the same day that he had apprehended defendant and a short time prior thereto he had clocked the speed of the device with one Bettinger against the speed registered on the speedometer of a police vehicle and that both speeds were checked by him as identical. Later on the same day, and a short time after he had ticketed the defendant, he and one patrolman Pontilillo again checked the speed of the device against the speed registered on another police vehicle driven by the latter officer and both speeds were identical. This latter testimony was substantiated by patrolman Pontilillo. Earlier dated “ test certificates ” of the police vehicles of the type and within the condemnation of the rule laid down in People v. Boehme (1 Misc 2d 629) decided simultaneously herewith (see, also, People v. Greenhouse, 4 Misc 2d 692; People v. Rice, 206 Misc. 999; People v. Rothstein, 1 Misc 2d 516) were *12 received over the objection and exception of the defendant to prove the accuracy of the police vehicle speedometers. An opinion of the arresting officer relating to defendant’s speed for which a proper foundation was laid, given over defendant’s objection, elicited an answer which was not couched in terms of approximate miles per hour but was a conclusion of law which should have been stricken in view of such objection.
Counsel for the defendant argues on this appeal, with some degree of logic, that since the accuracy of the speed watch is predicated upon a comparison with speed tests made of the speedometers of two police vehicles, whose speed is in turn attested to by inadmissible test certificates, such proof is based, to use his language, on a presumption which ‘ ‘ flows backwards ”. Conceding the inadmissibility of the test certificates of the police vehicles and of the officer’s testimony as to speed in the language used, one cannot overlook the unchallenged testimony of Mr. Evans, an engineer employed by Sperry Gyroscope Company, whose qualifications were conceded by the defendant, that he was familiar with and had tested and examined the speed watch equipment, that it was capable of correctly ascertaining the speed of a motor vehicle within plus or minus two miles per hour and that in his opinion it would record the speed within the accuracy specified. This testimony alone would be sufficient to support the conviction. Moreover, despite the inadmissibility of the test certificates to establish the accuracy of the two police vehicle speedometers, testimony that three speed recording devices showed identical speeds on the same day that one recorded the speed of the defendant’s vehicle, even assuming none was tested, is not without probative value.
Again, as in People v. Boehme (supra), decided today, this court reiterates that each case must stand on its own separate state of facts. In sum, although some testimony received below was inadmissible, the weight of the competent testimony established defendant’s guilt beyond a reasonable doubt.
The court has reviewed all other assigned errors and deems them to be without merit.
Judgment of conviction affirmed.