Francis J. Clohessy, J.
Defendant was found guilty on June 16, 1956, after trial without a jury, in the Police Court of the Village of Waverly, of the charge of operating a motor vehicle on a public highway known as Chemung Street and Route No. 17 at a rate of speed in excess of 25 miles an hour in violation of ordinance No. XI of such municipality.
The Police Justice imposed a fine of $25 which was paid. From such judgment of conviction the defendant has taken this appeal in which he alleges certain errors. He contends, among other things, that there was a failure on the part of the People to prove legally the speed of the vehicle operated by the accused person.
At the trial the prosecution called one witness, the arresting officer. He was an occupant. The operator of the police car was another police officer. He was not sworn as a witness and did not testify. The defense called one witness, the accused person.
*279 The arresting officer testified that the defendant operated his automobile in the village of Waverly at the rate of 40 and 55 miles an honr. The defendant testified that upon coming down the hill he observed a sign and slowed down to 20 miles per hour and continued at that speed to a Y-intersection and accelerated to 24 or 25 miles an hour, but not more than 25.
The difference as to speed in the testimony of the two witnesses necessitates a careful study of the record. This court in deciding the appeal must be guided by and is confined to the matters set forth in the return by the Police Justice. (People v. Newman, 137 Misc. 267; People v. Saddlemire, 180 N. Y. S. 257; People v. Decker, 156 Misc. 156.)
One of the fundamental rules is that from the beginning of the trial until the end the prosecution has the burden of establishing beyond a reasonable doubt every fact essential to the conviction of a defendant. The accused person has no burden to sustain. He is presumed to be innocent. The burden is on the prosecution to show otherwise. Failure to do so requires acquittal. Likewise if there is the slightest doubt as to guilt, then the accused person must be acquitted.
In a trial on a charge of speeding the most essential element of proof is that of speed. Without such evidence there is a failure by the People to sustain the burden of proof and as a result there can be no conviction. Such is the situation in this case.
The prosecution in an attempt to prove the speed of the vehicle operated by the defendant sought to use two possible sources, expert testimony or testimony by a qualified person, and the reading* of a speedometer.
In connection with the first the prosecuting officer conducted this examination of the arresting officer:
“ Q Were you able to estimate the speed that night based on your experience as a driver and your observations that night as you drove?
“ A Yes.”
The fact that the prosecuting officer used the title “ driver ” in the question was not sufficient in itself to qualify the witness as an expert or a person qualified on speed. According to the Justice’s return there was no other proof of such qualification. No questions appear concerning the experience and knowledge of the witness as to motor vehicles and their operation, particularly as to rate of speed.
In other words, there is no evidence in the record on appeal showing that the arresting* officer ever saw a motor vehicle *280 other than the car he was riding in and the one operated by the defendant. Likewise there is no proof that such officer ever operated a motor vehicle. He cannot be presumed to be qualified as an expert or a person qualified otherwise on speed. The People had the burden to prove such status. Without doubt the officer has operated automobiles and has observed their operation. Still there appears no evidence to that effect. In the trial of a violation we cannot guess or surmise at what might or must have been (People v. Sacks, 276 N. Y. 321).
In connection with the speedometer the testimony by the arresting officer was as follows:
Direct examination
“ Q Were you able to see the speedometer?
“ A Yes.
‘ ‘ Q What can you tell about the accuracy of the speedometer that night? In your opinion was it accurate that night?
“ A Yes.”
Cross examination
‘ ‘ Q Does an engineer check the speedometer on the police car?
“ A Yes.
“ Q How often does he come down to inspect the speedometer ?
“ A He doesn’t come down. The Chief takes the car to him. How often I do not know.
“ Q You’ve never seen the engineer check the speedometer ? Is that true?
1 ‘ A That’s right.
“ Q And the basis for your determining the speed is the speedometer ?
“ A Yes.”
In the foregoing direct examination the witness without being shown to be qualified, was asked for his opinion as to the accuracy of the speedometer. There appears no evidence in the return to the effect that he had any experience or knowledge whatever concerning speedometers and particularly with that in the police car. He did not testify to any personal knowledge of the speedometer’s operation and accuracy. He did testify that the basis for determining the speed was the speedometer.
Any possible proof as to the accuracy of the speedometer in view of the foregoing cross-examination would have to come from the engineer and chief of police. They were not sworn as witnesses and did not testify. Any indication in this case of their possible testimony would be hearsay and excluded.
*281 The facts as outlined above are sufficient to give rise to a reasonable doubt. These words of Judg’e Brenner in People v. Rothstein (1 Misc 2d 516, 518) seem applicable: “ whether or not the People are obliged to prove the accuracy of the speedometer, I do not see how, in the context of this case, the People could have proved guilt beyond a reasonable doubt without proving the accuracy of the speedometer. It is significant that here the People assumed and attempted to discharge that burden of proof.”
The arresting officer’s testimony by the above facts is reduced to a mere opinion as to the speed of defendant’s vehicle and without being based upon any proven qualification and legal source of knowledge or information. Under the rules of evidence such naked opinion should be disregarded. (People v. Greenhouse, 136 N. Y. S. 2d 675.) There is, consequently, no legal evidence as to defendant’s speed and a failure of proof on the part of the prosecution. (People v. Rothstein, supra.).
For such reason the judgment of conviction is reversed, the fine remitted and the information dismissed. Reversal for errors of both law and fact.
The foregoing is sufficient for the purpose of this appeal thereby making unnecessary a ruling upon the other contentions of defendant.