Milton A. Wiltse, J.
In the present proceeding, John F. Marsellus, who has been designated as the defendant-appellant, has appealed to this court from a judgment of conviction, in the Court of Special Sessions, held in and for the Town of Ellis-burg, Jefferson County, New York, over which the Honorable Tracey Skinner, Justice of the Peace, was presiding. Said judgment of conviction, according, to the return filed in this court, was entered August 30, 1956; said judgment of conviction was for a violation of subdivision 3 of section 56 of the Vehicle and Trafile Law of the State of New York, which is ordinarily referred to as “ speeding ”.
The said John F. Marsellus has perfected an appeal to this court, together with proper affidavits, insofar as same relate to the subject matter of this appeal.
In the affidavit of errors submitted, in connection with the appeal, there are several grounds alleged by the aforesaid defendant-appellant, as a basis for reversal of his conviction.
Without referring to all of those grounds in detail, and without amplifying any grounds alleged as a basis for reversal of his conviction, other than are herein set forth, the following facts, in addition to the aforesaid, are first stated:
It appears from the record in this proceeding, that the aforesaid John F. Marsellus was apprehended by a member of the New York State police on a highway within Jefferson County, New York, and was charged with violation of the aforesaid section of the Vehicle and Traffic Law. It appears further that there was a discrepancy in the testimony, regarding the distance over which the said John F. Marsellus was followed by the member of the New York State police.
*213 It is fundamental, under the section alleged here as having been violated, that the distance over which an alleged violator is followed must be not less than one quarter of a mile. The officer, connected with the New York State police — and he is a very reputable person — was contradicted by defense testimony of the alleged violator, and of the passengers in his car.
That presents a question of fact, which the trial court had a perfect right to determine in its discretion. It is also felt that the record on appeal, and transcript of the testimony annexed thereto, in a matter of this nature presents a question of fact, which the appellate court has a duty and a right to take into consideration.
The aforesaid considerations relate to the error alleged by the defendant-appellant, that the judgment of conviction was contrary to the weight of evidence adduced at the trial, in other words, that the facts elicited by the prosecution were not sufficient to prove said defendant-appellant guilty beyond a reasonable doubt. It is believed that all of the authorities hold that a violation of the instant section under consideration, even though it is deemed to be an “ infraction ”, rather than a crime, must be proved in all of its essential elements, beyond a reasonable doubt.
To refer to the facts, as related in the return and the transcript of testimony annexed thereto, it appears that the officer who apprehended the said defendant-appellant testified as to speed of the vehicle. He stated an opinion to the effect that same was proceeding at a speed of approximately 65-70 miles per hour.
Another factual matter that appears from all of the record aforesaid is that the officer testified that his speedometer was calibrated, over the objection of the defendant-appellant. The objection was based on the ground, apparently, that the person who conducted the calibration test was not produced as a witness. The officer was allowed to testify that he had witnessed the same, consisting of a comparison of his speedometer, with a so-called “ master speedometer ”, at a privately owned service station, not connected with the Division of State Police, at some time prior to the apprehension of the defendant-appellant for the alleged violation. All of this testimony was objected to by the person apprehended, through his counsel, and has been made one of the specifications for the demand that the conviction should be reversed.
It is felt that the admission of this testimony, as to accuracy of the speedometer, as will be hereinafter elaborated upon, was erroneous. (People v. Boehme, 1 Misc 2d 629; People v. Green *214 house, 136 N. Y. S. 2d 675; People v. Tyler, 109 N. Y. S. 2d 756.)
It therefore is evident that all of the testimony relating to the essential elements of the charge involved here, regarding speed of the vehicle and the distance traveled, must be predicated upon the testimony of the officer, regarding said speed and the distance traveled at which such speed was allegedly maintained.
The prosecution apparently relies upon the case of People v. Tyler (109 N. Y. S. 2d 756, supra) regarding proof of accuracy of a speedometer. This case held that proof of accuracy, when conducted in the usual course of business of a police department, and when no agency other than the police department had been engaged therein, could be received in evidence, for consideration as to proof of accuracy of the speedometer.
The prosecution apparently also relies upon the case of People v. Boehme (1 Misc 2d 629, supra). It should be stated the Boehme case does not apply to the theory advanced by the prosecution, even though the dicta in said case might appear, at first glance, to substantiate the theory of the prosecution. Neither does the case of People v. Tyler aforesaid substantiate the theory of the prosecution.
In the decision first mentioned, the admission of the accuracy of the arresting official’s speedometer was based upon the fact that section 374-a of the Civil Practice Act permitted same, as being conducted by the police department officials in the 11 regular course of any business ”. In that situation, the police department had its own experts conducting the test, and the officer’s testimony was admitted without necessity of the police department official, conducting the test, to be present. It was stated therein, in the decision of the court, that a comparison made by the officer testifying, as he observed the test, conducted by the police department, was sufficient to prove accuracy.
The case of People v. Boehme aforesaid stated substantially the same doctrine, and also held that opinions of officers, regarding speed of vehicles based on proper qualifications were admissible, under certain circumstances. However, the ultimate decision in the case of People v. Boehme aforesaid was to the effect that the opinions of an officer alone, as to speed, where there was a sharp dispute in the testimony of defense witnesses with that given by the officer, could present a question of fact, as to speed, but which might not be considered sufficient to substantiate the burden of proof incumbent upon the prosecution, without additional competent proof as to the accuracy of the speedometer. It further stated, however, in substance, that the proof of accuracy of a speedometer, if the person who con *215 ducted the test was not present, could only properly be admitted, if such test was made under the authority of section 374-a of the Civil Practice Act; in other words, if made in the usual course of business of the police department, and not by an independent agency or concern. Under no construction of either of the cases relied upon by the prosecution to sustain this conviction was there anything to indicate that a test made by some agency outside of the police department could be received in evidence, without the testimony of the person making the test.
It therefore follows, from the above discussion of the facts and the law, that there was no proper proof of the accuracy of the speedometer on the automobile of the arresting official, and that the reception of his testimony in that respect was erroneous and prejudicial to the rights of the defendant and that it should not have been considered in any way.
That leaves us with the proposition that the only testimony in the case regarding speed was that of the arresting official. This testimony was sharply disputed by several witnesses, as well as the distance that the defendant-appellant was alleged to have traveled at a speed exceeding 50 miles per hour. Without determining the matter, as to whether testimony by the arresting officer without proof of the accuracy of his speedometer is sufficient for a conviction, it is determined that, even though that might be sufficient under some circumstances, the People have failed to sustain the burden of proof necessary to prove the alleged offense beyond a reasonable doubt, and that therefore the judgment of conviction was contrary to the evidence and contrary to the facts that were elicited in evidence.
It is further held that the accuracy of the speedometer of the arresting official was not properly proved, and that its admission, under the circumstances of this case, was prejudicial to the defendant-appellant, and erroneously received; and that by reason of the officer’s testimony alone, as to speed, under the circumstances of this case, and admission of the erroneously received testimony aforesaid, the judgment of conviction should not be sustained. (People v. Greenhouse, 136 N. Y. S. 2d 675; City of Buffalo v. Beck, 205 Misc. 757.)
It is further held that the officer’s testimony regarding his opinion as to speed of the defendant’s car, even if admissible, since no competent testimony of personal knowledge of the accuracy of the speedometer was adduced, and since his testimony could not be considered as coming within the provisions of section 374-a of the Civil Practice Act, was insufficient to sustain said judgment of conviction. (People v. Matthews, 4 Misc 2d 278.)
*216 No determination is herein made, with regard to any other specifications of error set forth, in view of these findings, although the same might be worthy of consideration.
In conclusion, it is reiterated that the People failed to prove the guilt of the defendant beyond a reasonable doubt, and that the admission of the testimony regarding calibration was erroneous and prejudicial, requiring a reversal of the judgment of conviction; that same was contrary to the weight of evidence, and contrary to law, and contrary to the facts as elicited; and that denial of the defense motions at the conclusion of the People’s case was erroneous.
Although no question has been raised by any of the parties hereto, it is doubtful whether a fine of $100 is proper, under the record here. There is no specification in the information to the effect that this particular charge was anything other than that of a first offense of speeding. Should this matter have not required reversal, the fine imposed, in any event, might necessarily have been modified.
It is therefore held, under the facts and under the law, that the conviction of the defendant-appellant should be reversed, the fine remitted, the information dismissed, and the defendant discharged.
An order to conform with the above may be entered.