Froessel, J.
On April 18, 1956, at 2:30 p.m., Patrolman Einemann, a member of the Long Island State Park Police, observed defendant’s car proceeding west on the Northern State Parkway at what he judged to be a high rate of speed. He proceeded to follow it — no cars were in his way — until he reached a position about 100 yards behind it, and he maintained that position for over a quarter of a mile.
During that time, Einemann testified without objection, he observed that his speedometer read about 64 m.p.h. He also testified that he drove motor vehicles since he received his license in 1938; during that time he has had occasion to estimate the speed of moving cars; he checked those estimates against the speedometer, and it usually came fairly close — within 5 miles or so. “Independent of the speedometer”, and at the time he was following this defendant, he estimated the speed of defendant’s car at about 60 m.p.h. Einemann further testified that on several occasions he had checked his estimates of the speed of vehicles with radar devices, and had found that his estimates were correct or “ within five miles ”. The patrolman stopped defendant and told Mm' that he was exceeding the applicable speed limit which, it is undisputed, is 40 m.'p.h. Defendant replied “ he didn’t believe that he was going sixty miles an hour ”.
After the People rested, defendant’s attorney made no motion to dismiss, merely stating: “ I ’ll reserve my motions. ’ ’ Defendant, an attorney, stated that he saw this police car and then moved from the left lane to the right, stepping on the gas; that the police officer “ caught up to me and followed me approximately a half mile, still with his blinker light flasMng all the time. About a half mile after that he blew a siren and I pulled over to the right. I didn’t realize he was following me.” On cross-examination, he said that traffic was “very light”; he had been traveling in the left line for a mile or so though there were no ears to Ms right. He further claimed that during the period the patrolman was following Mm, he looked at Ms speedometer several times, and ‘ ‘ It showed approximately *393 forty miles an hour ”; that he had his speedometer tested and it was accurate, though that statement was "but hearsay. He could not say how fast he was going when he went over to the right, but when he got there he slowed down. His conviction was affirmed by the County Court of Nassau County.
Defendant here argues that the People have failed to sustain their burden of proof on the issue of his speed. He contends that the reading of a speedometer in the patrol car, without additional proof that it had been tested, is insufficient, and that the estimate of the patrolman as to the speed at which he was proceeding was merely his opinion, and as such was insufficient evidence to support the conviction by the District Court Judge sitting as a Court of Special Sessions.
As to the evidence of the reading of the speedometer in the police patrol car, a number of County Courts have held that when there was no competent evidence of the accuracy of the speedometer, a conviction based upon a speedometer reading will be reversed (People v. Boehme, 1 Misc 2d 629 [Nassau County]; People v. Rothstein, 1 Misc 2d 516 [Westchester County]; People v. Rice, 206 Misc. 999 [Columbia County]; People v. Matthews, 4 Misc 2d 278 [Tioga County]; People v. Greenhouse, 4 Misc 2d 692 [Jefferson County]; see, also, People v. Sachs [radar], 1 Misc 2d 148, 155-156 [N. Y. C. Mag. Ct., Queens]).
There is a-- dearth of authority in the appellate courts in this country on this question (see 21 A. L. R. 2d 1200), although it has been held in civil cases that testimony as to the speed of a motor vehicle is admissible where such testimony is predicated upon the witness’ observation on other occasions of an untested speedometer (Senecal v. Drollette, 304 N. Y. 446, 448; Shulman v. Roseth Corp., 227 App. Div. 577). In the last-cited case, the Appellate Division compared the speedometer with a watch (227 App. Div. 578).
In our opinion, evidence of the reading of an untested speedometer without more would be insufficient to sustain a conviction for speeding. In this case, however, there is additional evidence. The patrolman, who had been driving for 18 years, during which time he ‘ ‘ had occasion to estimate the speed of moving cars ” and which estimates of speed he had checked against radar as well as the speedometer, with the result that *394 liis estimates were correct or close, estimated that defendant’s car was proceeding 60 m.p.h. He had observed defendant’s car for a distance of 2% miles before he stopped defendant, he had followed about 100 yards behind defendant’s car for over a quarter of a mile, and there were no obstructions to his view of defendant’s car. In those cases in which testimony of a patrolman as to the speed of defendant’s car was found to be insufficient, when supported only by the reading of an untested speedometer, there was no evidence in the record as to -the expertise of the patrolman in judging speed (People v. Matthews, 4 Misc 2d 278, supra; People v. Rothstein, 1 Misc 2d 516, supra), or the patrolman did not have an adequate opportunity for observation of defendant’s car (People v. Greenhouse, 4 Misc 2d 692, supra).
On the record presently before us, considering particularly that the patrolman had adequate opportunity for observation and that, out of a long, qualified and tested experience, he estimated that defendant was proceeding at 20 m.p.h. over the speed limit, or half again as fast as he was permitted to by law (People v. Boehme, 1 Misc 2d 629, 631, supra; City of Rochester v. Torpey, 204 Misc. 1023, 1025), we are of the opinion that this evidence together with that of the speedometer is sufficient to sustain this conviction.
Defendant also claims that it was prejudicial to him to include at the bottom of the information a statement that his attitude was “ courteous ”. Although the statement was extraneous to the purpose of an information (Code Crim. Pro., § 145), the claim is utterly specious.
Accordingly, the judgment should be affirmed.
Conway, Ch. J., Desmond, Dye, Ftjld and Burke, JJ., concur with Froessel, J.; Van Voorhis, J., dissents and votes to reverse and to dismiss the information upon the ground that there was insufficient evidence to prove defendant guilty of the charge beyond a reasonable doubt.
Judgment affirmed.