Milton A. Wiltse, J.
The People of the State of New York appealed from an order of the County Court of Jefferson County which reversed a judgment of a Court of Special Sessions of the Town of Ellisburg in that county, after a trial before a Justice of the Peace, without a jury, convicting the defendant above named, of the traffic infraction of speeding, in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. Upon such appeal, the Court of Appeals of the State of New York determined and ordered that the decision of the County Court of Jefferson County should be remitted to County Court for further proceedings not inconsistent with its opinion and for reconsideration and redetermination on the facts. (People v. Marsellus, 2 N Y 2d 653.)
The original decision of the County Court of Jefferson County is contained in People v. Marsellus (4 Misc 2d 211). The matter was remitted to County Court for further proceedings.
Therefore, since all of the parties concerned are familiar with the proceedings heretofore had, there will be no reference made to any further matters, other than a determination of this case, in accordance with the instructions that were given by the Court of Appeals in the case above cited.
It was said in People v. Heyser (2 N Y 2d 390, 393) that “ evidence of the reading of an untested speedometer without more would be insufficient to sustain a conviction for speeding. ’ ’
In the instant case in the Court of Appeals, it was held that evidence as to what even an untested speedometer showed was admissible. However, the Court of Appeals stated, in substance, that if the testimony in the case were found to be against the weight of the evidence, that reversal on the facts would be justifiable, if made without eliminating the consideration of evidence regarding an untested speedometer; and, that if all of the evidence in the case did not establish the guilt of the defendant beyond reasonable doubt, even considering the testimony regarding an untested speedometer, that the same would be within the province of the County Court to reverse. This finding, therefore, is with that consideration in mind, and with the appreciation that the Court of Appeals has held that testimony regarding accuracy of an untested speedometer is admissible,
*1032 In the affidavit of errors submitted, in connection with the appeal, there are several grounds alleged by the aforesaid defendant-appellant, as a basis for reversal of his conviction.
Without referring to all of those grounds in detail, and without amplifying any grounds alleged as a basis for reversal of his conviction, other than are herein set forth, the following facts, in addition to the aforesaid, are first stated.
It appears from the record in this proceeding, that the aforesaid John F. Marsellus was apprehended by a member of the New York State police on a highway within Jefferson County, New York, and was charged with the violation of the aforesaid section of the Vehicle and Traffic Law. It appears further that there was a serious discrepancy in the testimony, regarding the distance over which the said John F. Marsellus was followed by the member of the New York police, and as to his speed.
It is fundamental, under the section allegedly violated that the distance over which an alleged violator is followed must be not less than one quarter of a mile, at the speed mentioned, and that all of the elements constituting the charge must be proved beyond a reasonable doubt. The officer testified as to the violation of speed, and other matters. Defendant, his wife and children controverted same.
That presents a question of fact, which the trial court determines. It is felt that the record on appeal, and transcript of the testimony annexed thereto, in a matter of this nature, presents a question of fact which the appellate court has a duty and a right to take into consideration and determine, when an appeal from the trial court’s order is presented. (Code Crim. Pro., § 764.)
The aforesaid considerations relate to the error alleged by the defendant-appellant, that the People failed to establish the guilt of the defendant herein beyond a reasonable doubt and that the judgment of conviction was contrary to the weight of evidence adduced at the trial. In other words, that the facts elicited by the prosecution were not sufficient to prove said defendant-appellant guilty beyond a reasonable doubt. It is believed that all of the authorities hold that a violation of the instant section under consideration, even though it is deemed to be an “ infraction ’ ’ rather than a crime, must be proved in all of its essential elements, beyond a reasonable doubt.
It therefore follows that all of the testimony relating to the essential elements of the charge involved here, from the prosecution standpoint, including speed of the vehicle and the distance travelled, must be predicated upon the testimony of the officer, *1033 regarding same; all of which is controverted by defense witnesses.
For instance, the officer states at page 28 of the transcript of testimony as contained in the case on appeal, that the car was operating north on Route 3, passing the intersection of the farm and market highway; on page 29 of his testimony, he says that he followed the car (meaning defendant, apparently) to a point north of the iron bridge which is north of the Wood-ville intersection with Route 3, which would be a little over two miles; on the same page, he states that he would have been following for a distance from 60 to* 90 feet, on the same page in the testimony, he states that over the period that he was following the defendant, for a period of two miles, he was gaining on the defendant; on page 31 of the aforesaid testimony, he further states that he was following the automobile of the defendant for two miles while the defendant was traveling at a speed between 65 and 70 miles per hour; on page 33 of the same record, he states that there were other people in the automobile of the defendant who were sitting in the back seat of the vehicle and facing him from the rear window.
A review of all of this testimony does not seem to prove, beyond a reasonable doubt, that the allegations in the information were sustained by the degree of proof necessary. It is apparent that if a person were followed for a distance of two miles and maintaining a speed of 65 miles to 70 miles an hour, that some person testifying on either side of this matter could possibly be in error. Otherwise, it does seem apparent that some effort would have been made to apprehend the alleged violator before following at that speed for such a distance. As it is understood, the purpose of the section allegedly violated in this case, is to prevent excessive speeds on the road, and also the possibility of the accidents that may be caused by excessive speeds, and to preserve the laws of the State of New York as the same presently exist. If a speed that is contained as a part of the testimony in this case had existed for a period of two miles, according to the testimony of the prosecution, it is difficult to understand why the apprehension of this defendant would not have occurred prior to the alleged last quarter mile, when the record is devoid of any testimony that shows any obstacle in preventing the cause of the danger which the section contemplates. If such excessive speed did, in fact, exist, why was the same not eliminated by apprehension after the first quarter mile?
*1034 In addition, the alleged excessive speed is controverted by all of the other witnesses, and all of the testimony contained in the record shows an overtaking of the defendant — when the officer’s car would necessarily be going at a faster rate of speed than defendant’s, in that connection. The testimony of the witnesses for the defense also shows that they were aware of a vehicle operated by the New York State police following. It is unreasonable to assume that in view of that fact, any intelligent persons would be violating the laws of the State of New York. And, at least inferentially, the testimony of the officer is to the same effect.
At pages 41 and 42 of the testimony contained in the case on appeal, the officer stated that he could have blown a siren to stop the defendant over the two-mile route that he was allegedly following the defendant’s car at a distance of from 60 feet t'o 90 feet, and while persons were looking from the rear window of the defendant’s car. At no time did the prosecution elicit any detail of any traffic conditions which excluded the blowing of a siren or the stopping of the defendant’s car over said distance, other than some testimony by the officer that immediately before he did stop the defendant’s car, that the defendant had started to pass another vehicle in front of him. There was no indication that this attempt to pass, insofar as the testimony shows, was a violation of any section of the Vehicle and Traffic Law.
Again referring to testimony contained in the case on appeal, pages 48 and 57 wherein defendant himself testified, states either by direct testimony or inferentially, that the officer had been following for some distance and was overtaldng the defendant, and that the defendant’s speed at all times was approximately 50 miles an hour.
At page 49 of said testimony, the defendant controverted testimony of the officer that he was even attempting to pass a car and then pulled over to the shoulder of the road and also said that there was no ‘ ‘ screaming of the brakes ”.
That leaves us with the proposition aforesaid that under the prosecution’s theory of the case, the only testimony in the case regarding speed violation or any other violation under the section aforesaid was direct testimony by the arresting officer; his opinion testimony as to speed and speedometer accuracy; and all circumstances of the case.
It might be said that under the testimony elicited by the prosecution that there would be a great deal of doubt as to whether speed could be accurately estimated during the “ overtaking ” *1035 of defendant’s car, as testified to, and while the officer was apparently, according to such testimony, also observing and following another car that was preceding the car operated by the defendant.
Such testimony of the officer regarding the elements of the alleged charge, was sharply disputed by several witnesses.
Here, the People have failed to sustain the burden necessary to prove the commission of the alleged charge beyond a reasonable doubt; and the judgment of conviction was contrary to the weight of the evidence, and contrary to all of the testimony and facts that were elicited.
No determination is herein made, with regard to any other specifications of error set forth, in view of these findings, although the same might be worthy of consideration. And several possible errors otherwise than herein specified, or considered, might possibly have produced the same result.
Although no question has been raised by any of the parties hereto, it is doubtful whether a fine of $100 is proper, under the record here. There is no specification in the information to the effect that this particular charge was anything other than that of a first offense of speeding. Should this matter have not required reversal, the fine imposed, in any event, might necessarily have been modified.
It is therefore held, that the conviction of the defendant-appellant should be reversed, the fine remitted, the information dismissed ; and the defendant discharged.
An order to conform with the above may be entered.