J. Kenneth Serve, J.
This is an appeal by the defendant from the judgment of conviction in the Court of Special Sessions of the Town of Albion, Orleans County, New York. The conviction was had for speeding under subdivision 3 of section 56 of the Vehicle and Traffic Law on May 3, 1960. The defendant was found guilty after a trial without a jury and was fined $25.
*442 The appellant contends, among other things, that the conviction should he reversed because there was no legal evidence as to the speed at which the defendant’s ear was alleged to have been traveling and also that there was a lack of legal proof that the vehicle which the defendant was operating had exceeded the statutory speed limit for the distance of one fourth of a mile.
Subdivision 3 of section 56 as amended by chapter 114 of the Laws of 1957, effective March 23, 1957 provides as follows: ‘1 A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic, commission, shall be unlawful. Absence of signs erected pursuant to the provisions of section ninety-five-e of this article on any state highway outside of cities or incorporated villages shall be presumptive evidence that the state traffic commission has not fixed a maximum speed greater than fifty miles per hour at that location.”
One of the fundamental rules is that from the beginning of the trial to the end the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant. The accused person has no burden to sustain. He is presumed to be innocent. The burden is on the prosecution to show otherwise. Failure to do so requires acquittal. (People v. Matthews, 4 Misc 2d 278.)
The case against the defendant depended solely upon the testimony of the arresting officer. Upon direct examination he testified that he “ clocked ” the defendant at 85 miles per hour, but he did not state as to the distance that the defendant travelled while he “ clocked ” him at such speed. The officer continued to testify that the defendant travelled at a rate of 75 miles per hour from the Five Corners into the Village of Albion. Again the witness failed to state that the distance that he followed the defendant at such rate of speed was at least one fourth of a mile. The record is devoid of any testimony which shows that the defendant travelled in excess of the legal speed limit for a distance of one-fourth mile.
Under cross-examination the arresting officer attempted to proye the accuracy of his speedometer by stating that he had checked it after the arrest with another car whose speedometer had been calibrated. However, the evidence given by the witness on this point failed to establish an accurate test of his speedometer.
The Court of Appeals in recent decisions held that although the evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 653), still such *443 evidence without more would be insufficient to sustain conviction for speeding. (People v. Heyser, 2 N Y 2d 390.)
In this case the arresting officer’s testimony as to speeding was based solely on an untested speedometer and no other evidence was produced by the People as to the rate of speed that the defendant was traveling. The People have failed to sustain the burden of establishing beyond a reasonable doubt that the defendant was operating his motor vehicle in excess of 50 miles per hour for a distance of one-fourth mile.
The record before me is barren of any testimony as to the speed permitted by the State Traffic Commission either by a certificate from the State Traffic Commission or by testimony as to the absence of signs indicating that a greater speed than 50 miles per hour is permitted. However, the appellant has failed to set forth this error in his affidavit.
For the above reasons the judgment of conviction is reversed, the fine remitted and the information dismissed. Submit order accordingly.