J. Richmond Page, J.
This is an appeal from a judgment of conviction, following a trial in Justice’s Court, Town of Great Valley, Cattaraugus County, on the 23rd day of May, 1960, of defendant-appellant on a charge of speeding in violation of subdivision 4 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant was fined the sum of $50, which was duly paid.
The defendant-appellant in his affidavit of appeal alleges that the information failed to state facts sufficient to constitute a violation of the traffic infraction of speeding. This allegation of error is without merit. A careful reading of the information shows that the violation complained of is set forth in a detailed manner and all allegations required are set forth.
*669 The second error, and the important matter involved in this appeal, by defendant, is the refusal of the Justice to dismiss the information on the grounds that the prosecution failed by the evidence to prove the guilt of the defendant beyond a reasonable doubt in that the People failed to prove that the State Traffic Commission had legally enacted any order, rule or regulation lowering the maximum speed limit in the area involved, and the failure of the People to prove that all the statutory prerequisites for the enactment of such an order, rule or regulation by the State Traffic Commission had been complied with.
An examination of the trial record shows ample evidence to sustain a conviction of this defendant if the certificate of the Department of Taxation and Finance under date of March 21, 1960, wherein the State Traffic Commission restricted by order the speed of vehicles to 35 miles per hour in the area in question, is sufficient proof of compliance with the requirements to legally enact such an order. This order was enacted in 1954.
It is the contention of the defendant that the State Traffic Commission did not have the authority or right to make an order restricting speed of vehicles upon State highways outside of cities or villages, but instead only had the right to make rules and regulations restricting such speed, pursuant to the authority of sections 95-e and 95-h of the Vehicle and Traffic Law, presently §§ 1612, 1620). The defendant further contends that for such rules or regulations promulgated by the State Traffic Commission to become effective, such rule or regulation must be filed in the office of the Department of State pursuant to the requirements of section 8 of article IV of the Constitution of the State of New York.
Section 8 of article IV of the Constitution reads, as follows: “ No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
The purpose of this section was to assure public knowledge of regulations having the force and effect of law. (People v. Calabro, 7 Misc 2d 732.)
The above provision does not require the filing of “ orders ” with the Department of State to become effective. The problem, therefore, before this court to determine is whether or not the restriction of speed in question is by order or regulation, and if by order did the State Traffic Commission have the authority *670 and power to make such an order. If it is determined that there is such power in the State Traffic Commission to make such an order, then there has been sufficient proof made by the People to show a legally enacted order restricting speed. If it is determined that there is no such power to make orders restricting speed, but in effect the so-called order is a regulation, then the People had to prove compliance with section 8 of article IV of the Constitution to satisfy the proof required to show a legally enacted regulation restricting speed.
At the time of the enactment of the aforesaid order in 1954, the authority of the State Traffic Commission was found in article 7 of the Vehicle and Traffic Law, sections 95 through 95-k. The present State Traffic Commission’s authority is found in articles 36 and 37 of the Vehicle and Traffic Law, sections 1610 through 1625. Under the former sections of the Vehicle and Traffic Law, particularly section 95-c thereof (presently § 1620), the State Traffic Commission was empowered to restrict the speed at which vehicles may proceed on or along State highways outside of cities or incorporated villages. ■ The procedure to be adopted in so restricting speed in the areas referred to was specifically described in subdivision 1 of section 95-c of the Vehicle and Traffic Law and by the Rules and Regulations of the State Traffic Commission found at page 1197 of the Fourth Official Supplement to the Official Compilation of Codes, Rules and Regulations of the State of New York for the year 1949. The specific provision of law which empowered the State Traffic Commission to restrict the speed of motor vehicles outside of cities or villages was found in section 95-h of the Vehicle and Traffic Law, which read as follows :
£ £ 1. The state traffic commission shall have the power from time to time to adopt such rules and regulations, not inconsistent with law, as it may deem necessary to effectively accomplish the purposes and enforce the provisions of this article. Copies of such rules and regulations shall be made available by the commission to any person making request- therefor, without charge. A violation of any such rule or regulation shall be deemed to be a violation of this chapter and shall be punished by a fine not exceeding fifty dollars or by imprisonment not exceeding thirty days or both such fine and imprisonment.
££ 2. Orders issued by the state traffic commission pursuant to the provisions of this chapter shall be deemed to be rules and regulations for the purpose of taking judicial notice thereof.” (Emphasis supplied.) (Presently Vehicle and Traffic Law, § 1612.)
*671 Thus, it would appear that the State Traffic Commission has authority by the promulgated rules and regulations to- restrict the speed of vehicles upon State highways outside of cities or villages, pursuant to the authority of sections 95-c and 95-h of the Vehicle and Traffic Law. (Presently §§ 1612, 1620.)
However, in order for any such rules or regulations restricting speed promulgated by the State Traffic Commission to become effective, the rule or regulation must be filed in the office of the Department of State. Section 8 of article IV of the Constitution of the State of New York mandates that no such rule or regulation restricting speed shall be effective until so filed in the office of the Department of State.
However, the restriction of speed in the area in question was enacted under the provisions of section 95-h of the Vehicle and Traffic Law which empowers the State Traffic Commission to enact “ rules and regulations ” as opposed to “ order, rule or regulation ” as is presently found in section 1620. (Emphasis supplied.)
In the year 1954 the restriction of speed was controlled and limited strictly to the authority given the State Traffic Commission under article 7 of the Vehicle and Traffic Law (§§ 95-c, 95-h). Having thus promulgated such a rule or regulation, it was incumbent upon the State Traffic Commission to file such rule or regulation with the Department of State before such rule or regulation could become effective. (N. Y. Const., art. IV, § 8.)
The defendant in the instant case was proceeded against under subdivision 4 of section 56 which states as follows: “ No person shall operate a motor vehicle or motorcycle in any speed zone established pursuant to the provisions of subdivision one or two of section ninety-five-c of this chapter, at a speed greater than the maximum speed limit established therein by the state traffic commission.” (Presently Vehicle and Traffic Law, § 1180, subd. 4.)
Effective July 1, 1958, the State Legislature saw fit to amend former section 95-c, now section 1620. The new section 1620 of the Vehicle and Traffic Law provides that the State Traffic Commission “ may by order, rule or regulation establish higher or lower maximum speed limits at which vehicles may proceed on or along such highways than the limit set forth in subdivision three of section fifty-six.” Prior to 1958, restriction of speed was done by “ rule or regulation ”. (People v. Smith, 192 Misc. 965; People v. Thomas, 199 Misc. 163.) (Emphasis supplied.)
Further, regardless of whether the State Traffic Commission might fix speed by “ order, rule or regulation ” the State Traffic Commission is still required to file such “ order, rule or regu *672 lation ” with the Department of State before it becomes effective. This is so even though the constitutional provision requires filing of “ rules or regulations ”, for the reason that our appellate courts have held that an order of a State department, board, bureau, authority or commission comes within the purview of the constitutional provision requiring filing of ‘1 rules and regulations ”. See Wirtz v. Lobello (1 A D 2d 416) wherein the Appellate Division, Fourth Department held that a minimum wage “ order ” of the Industrial Commissioner of the State of New York came within the contemplation of the words “ rules and regulations ” as the same is used in section 8 of article IV of the New York State Constitution.
Again in 1960 the Legislature amended the Vehicle and Traffic Law giving to the State Traffic Commission the right to restrict speed by “order, rule or regulation”. It is apparent that former sections 95-e and 95-h did not give the authority to the State Traffic Commission to restrict speed by order but only by “rule or regulation”. The subsequent amendments in 1957 and 1960 by the Legislature in which the word “ order ” was added to rules and regulations indicate that the Legislature was well aware that the State Traffic Commission did not have the authority to restrict speed by “order”. The State Traffic Commission has only such authority as is given it by the statute.
Not having such authority, then any such order would, in effect, be a “ rule or regulation” and before it could become effective would have to be filed with the Department of State pursuant to section 8 of article IV of the Constitution of the State of New York.
The burden is upon the People to prove that the Traffic Commission had legally designated the area as a restricted zone, that all statutory requirements prerequisite to the validity of the rule or regulation “enacted in 1954 restricting the speed in the area in question had been complied with. From the beginning of the trial to the end, the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant and failure to do so, requires acquittal. An essential element that the People were required to prove in the present case was compliance with the statutory prerequisite to the validity of the rule or regulation restricting speed in the area in question, to wit: the filing of the said rule or regulation in the office of the Department of State, pursuant to section 8 of article IV of the Constitution of the State of New York. (People v. Matthews, 4 Misc 2d 278; People v. Longo, 9 Misc 2d 171; People v. Radzinski, 24 Misc 2d 109.)
*673 The introduction into evidence of a certificate of the Department of Taxation and Finance under date of March 21, 1960, wherein the State Traffic Commission restricted the speed of vehicles to 35 miles per hour in the area in question, was not sufficient proof of the compliance with the statutory prerequisite to the validity of such restriction. An essential element was proof that filing had been made in the office of the Department of State.
In view of the fact that the People in the instant case have failed to prove compliance with the statutory prerequisite to the validity of the rule or regulation of the State Traffic Commission restricting speed in the area in question, defendant’s judgment of conviction is reversed.
The judgment of conviction of the Justice’s Court of the Town of Great Valley is reversed, the information dismissed and the fine remitted.