Milton A. Wiltse, J.
The defendant above named has appealed from a judgment of conviction that was rendered in the Magistrate’s Court of the Town of Clayton, New York, before the Honorable Harry E. Kendall, Justice of the Peace of said town, on or about January 24, 1958; the judgment of conviction being for violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York, which is commonly called “ speeding ”.
The facts as disclosed by the record are apparently that the officer of the New York State Police who apprehended the defendant above named, was following the said defendant on Route 12E, a public highway, in the Town of Clayton, New York, for a distance that greatly exceeded one quarter of a mile. Prom the testimony of the officer who apprehended the aforesaid defendant, who was duly qualified as to his knowledge of the speed of vehicles on the highway, the said defendant’s vehicle was admittedly operated by such defendant, was traveling for the distance aforesaid at or about 70 miles an hour, and sometimes in excess of such speed. There was also testimony that no speed in excess of 50 miles an hour was permitted on the aforesaid highway by the New York State Traffic Commission. No vehicles intervened between the State Police car and defendant’s car. (People v. Greenhouse, 4 Misc 2d 692.)
Also, there was testimony as to the “ calibration ” of the speedometer on the New York State vehicle by another officer, to the effect that said speedometer h'ad been tested a short time prior to the offense and had been found to be accurate. (People v. Hey ser, 2 N Y 2d 390.)
The essential elements of this charge haying been established, and nothing in the record having been of such a nature as to cause the testimony regarding the offense to be disbelieved; and it appearing that all of the People’s testimony has proved the charge beyond a reasonable doubt, it is determined that the conviction of defendant heretofore mentioned should be sustained.
*782 It is, therefore, held that said conviction is sustained, and that 'any- sentence under his judgment of conviction, if it has not previously been complied with, should be, and the same is hereby determined to be in full force and effect; and it is further determined that the judgment of conviction and the sentence thereunder should remain in full force and effect in all respects, and that the information herein is not dismissed; and that the fine is not remitted.
The office of the District Attorney of Jefferson County is respectfully asked to prepare an order in accordance with the above, and to forward a copy of this decision and of the order, with a notice of same, to counsel for the defendant above mentioned, and to enter the original decision and order in the office of the County Clerk of Jefferson County, New York.