Joseph J. Koziira, J.
This is an appeal from a conviction by a City Magistrate for speeding on the Franklin D. Roosevelt Drive.
The burden of proof is on the People to establish every essential fact to convict a defendant, including, in this case, the expert qualifications of the arresting police officer, who offered testimony as to his reading of the speedometer, of the police officer who it is claimed tested the speedometer, and of the police officer who it is alleged witnessed the claimed test. (People v. Tanner, 6 Misc 2d 1007.) The minutes of the trial before the Magistrate fail to show the previous instruction and training of each of such officers. In addition, such minutes do not show automobile driving experience of the arresting officer or his experience in testing speeds and checking the same against speedometers. This officer, therefore, did not meet such expert qualifications so as to permit him to testify to any alleged speed from a reading of the speedometer made by him. There is also no proof of the driving experience of the other officers and their experience in testing speedometers, or in testing speeds and checking the same against speedometers to support the reception of testimony by the observer officer as to the claimed speedometer test. (People v. Matthews, 4 Misc. 2d 278.)
In addition, the arresting officer also testified that he had not recently checked the speedometer nor had he checked the pressure in the tires on that day, and the observer police officer, too, testified that the pressure in the tires had not been checked when the speedopietey was claimed to have been tested.
*468 Furthermore, the observer police officer testified that he did not recall (when he testified only five days after the alleged test is claimed to have been made) the particular test, but that ‘ ‘ a record ’ ’ which he apparently had with him when testifying “ says this car was tested and I am reading from that There is no proof that such purported record was made by this officer, and not having been introduced in evidence, it is not properly before the Magistrate.
The judgment of conviction should be reversed and set aside and the fine remitted; any notation recorded on his operator’s license is to be cancelled and obliterated.
Kozicke, P. J. and Molloy, J., concur.
Judgment reversed, etc.