Benjamin Gassman, P. J.
The defendant was convicted of speeding. The police officer testified that on June 20, 1959, at *111 9:25 a.m. lie observed the defendant driving an automobile southerly on Bruckner Boulevard between White Plains Avenue and Soundview Avenue; that he followed him in a police automobile for 7/10 of a mile, during which time the speedometer in the officer’s automobile registered 43 miles per hour. He testified that Bruckner Boulevard at that point was a 25-mile zone.
It was stipulated that “ if the speedometer officer came here to testify, he would testify that the speedometer has been checked previously and found to be satisfactory, without conceding the truthfulness ”. The defendant took the witness stand and denied that he operated his automobile at the speed testified to by the officer. He stated that at no time did he exceed 25 miles per hour.
“ The burden of proof is on the People to establish * * * the expert qualifications of the arresting police officer, * * * as to his reading of the speedometer, of the police officer who it is claimed tested the speedometer, and of the police officer who it is alleged witnessed the claimed test.” (People v. Schroeder, 9 Misc 2d 466, 467.) The record does not disclose the qualifications of the officer who issued a summons to the defendant, to estimate speed. He relied entirely on the speed shown by the speedometer in his automobile, which, he testified, showed the speed of the defendant’s automobile at 43 miles per hour. The stipulation as to what the 11 speedometer officer ’ ’ would testify is insufficient. The statement that the speedometer has been checked ‘ £ previously ’ ’ is not enough, for the term ‘£ previously ’ ’ might mean any time before the date the summons was served and does not indicate necessarily that the speedometer of the chase car was tested semi-monthly, as required by paragraph 25.0 of chapter 24 of the New York City Police Department Buies and Procedures, governing the testing of speedometers. Nor is it enough to state that the tested speedometer was found to be “satisfactory”. It must be shown to be accurate, which was not done in this case.
The guilt of the defendant therefore, has not been established beyond a reasonable doubt. The judgment should be reversed, the complaint dismissed and the fine ordered remitted.
Loscalzo and Saraeite, JJ., concur.
Judgment reversed, etc.