Aaron F. Goldstein, J.
The defendant is charged with violating section 1180 of the Vehicle and Traffic Law. The trial was held before me and at the conclusion decision was reserved on the defendant’s motion to dismiss the complaint on the ground that the same was insufficient as a matter of law.
The complaint against the defendant alleges ‘ ‘ That on June 6, 1962 at about 6:35 p.m., the defendant, Irving Wachs did violate section 1180 subdivision (b) 3 of the Vehicle and Traffic Law of the State of New York in that he did drive and operate a *1002 vehicle on Bch. Channel Dr., a public highway in the County of Queens, City and State of New York from Marine Pkway Br. to Bch 147th st. at a rate of speed greater than prescribed in Section 60 of the Traffic Regulations adopted by the Traffic Commissioner of the City of New York, as appears from the following : Defendant drove at the rate of 50 miles per hour at a location in which the prescribed rate of speed was 35 miles per hour, the rate duly posted on official signs. ’ ’
The police officer who issued the summons to the defendant testified that he was driving a police car which was equipped with a calibrated speedometer, when he observed the defendant driving a car at an apparently excessive rate of speed. The officer further testified that he drove up to a position behind the defendant’s car and that he observed the defendant’s car for a distance of three tenths of a mile, during which time the speedometer on the officer’s car did not register below 50 miles per hour as they travelled along in an area where the speed limit was 35 miles per hour.
In the main opinion of the Court of Appeals in People v. Dusing (5 N Y 2d 126, 128) it said: “ Radar and speedometer readings are generally admissible and may be sufficient in themselves if there be reasonable proof of their accuracy.” In the instant case, I find that the testimony given as to the testing of the speedometer in the police vehicle of Patrolman Collins, before and after the occurrence, on both of which occasions it was found to be accurate, established the accuracy of such speedometer beyond reasonable doubt.
The case of People v. Schroeder (9 Misc 2d 466), relied on by the defendant, is one involving an untested speedometer, for there was a lack of proof therein that the speedometer had been i v'ted by a qualified and competent expert. On that ground such case is readily distinguishable from the instant case wherein I have found reasonable proof of the accuracy of the speedometer used to check the speed of the defendant’s car.
Because of the absence of any testimony as to the air pressure of the tires on the police car on the date in question, and testimony given herein to show the registered tire pressure was 28 pounds at the times of the testing of the speedometer of such vehicle, defendant’s counsel has asked this court to take judicial notice of the fact that a variation of the tire pressure may substantially affect the reading of an automobile speedometer. On the other hand, in the People’s brief, it is argued that it is the common opinion of expert testers that variation in tire pressure has no significant effect on speedometer readings. Under these circumstances, the court declines to take judicial notice of the *1003 possible effect of variance of tire pressure on the accuracy of a speedometer.
At this time the court deems it appropriate to call attention to that part of the concurring opinion of Judge Van Voorhis in People v. Dusing (5 N Y 2d 126, 131) wherein he refers to the making of regular tests of speedometers and keeping records of the tests in the books of the police department by which the tests are made. He said: ‘ ‘ The offer in evidence under section 374-a of the Civil Practice Act of such records indicating the routine testing of such devices would be all that is necessary.” Were the Police Department to adopt such suggested procedure, it would eliminate the present waste of its manpower in sending policemen, in each case where the charge is speeding, solely to testify as to tests made of speedometers. This would not violate the rights of the defendants in such cases because, where deemed necessary, defendant’s counsel could always exercise his right to call the one having made the tests, to testify.
The court finds that, on the law and facts, the guilt of the defendant has been established beyond a reasonable doubt.
The motion of the defendant to dismiss the complaint is denied and the defendant is found guilty.