Frantk W. Baretes, J.
This is an appeal from a judgment of conviction in Justice Court, Town of New Berlin, on a charge of speeding, before Christopher J. Burke, Justice of the Peace, on April 21, 1956.
The information charges speed in excess of 50 miles per hour, etc., to wit: “ about 70 MPH, this being a second offense within 18 months of a violation under Sec. 56 of the Vehicle and Traffic Law ”.
Reference to any previous conviction was improper (People v. Shapp, Sullivan County Court, Feb. 28, 1955; People v. Reed, 185 Misc. 908). The Court of Appeals in recent decisions, have repeatedly stressed the rules set forth in People v. Molineux (168 N. Y. 264); People v. Zackowits (254 N. Y. 192); People v. Formato (286 App. Div. 357, affd. 309 N. Y. 979); People v. Spillman (309 N. Y. 295); People v. Namer (309 N. Y. 458).
Additionally, the evidence of speed consists of standing by the side of the road and seeing the car pass. Certainly the witness can testify that, in his opinion, a car was going “ fast ” or “ slow but it is not convincing beyond a reasonable doubt. The district attorney attempts to use the estimated time when defendant left one place and when he arrived at another place, as showing his speed. These estimates of time cannot be sufficiently accurate without a watch. To illustrate, take the *365 trooper’s estimate; namely that the car passed him at 10:40; that he started “ just a couple of minutes after that”; that he drove four and a half miles at 70 or 75 MPH; that he himself came in collision with another car; that he talked with the driver “ just a few minutes * * * 3 to 5 minutes ”; that he radioed the barracks at 10:58, ‘ ‘ one or two minutes after the collision”. By computing these figures, giving him the best of his testimony (two minutes in starting and five minutes from the collision to the radio call) there would have been eleven minutes elapsed while the trooper was driving four and a half miles at 70-75 miles per hour.
The People argue that the trooper could not catch up with the car, therefore he was exceeding 50 miles per hour. Driving at 50 miles per hour, during the two minutes that the trooper was concededly getting into his car, turning around and getting into traffic, the passing car had proceeded one and two-thirds miles, and the trooper driving at 70 miles per hour would not overtake him for five and five-sixths miles; after driving four and a half miles the trooper would be thirty-eight one hundredths of a mile behind the car at the time he was in collision.
' The identity of the car is only proven as a black Cadillac. Had the trooper known the number of the license, he certainly would have given it in his radio request to pick up the driver.
The testimony of the driver of the car in collision with the trooper is bound to be biased. In turning left at an intersection he was hit by the trooper’s car passing him at an intersection at 70-75 miles per hour.
The sentence fits a second offense; so the Justice must have considered the allegation of previous conviction in the complaint, as some proof.
The transcript in the return is not very satisfactory, but the People are obliged to produce a record; not the defendant.
For these reasons the judgment of conviction is reversed and the information dismissed and the fine remitted.
Submit order accordingly.