Robert O. Brink, J.
This is an appeal from a judgment of conviction against the above-named defendant for speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law as a second offender before Richard Klahsner, Esquire, Justice of the Peace in and for the Town of Windsor, Broome County, New York, after a trial without a jury on the 24th day of May, 1956. The defendant was sentenced to pay a fine of $50 or be imprisoned in the Broome County jail for 50 days. The fine was paid.
The affidavit of errors among other things sets forth the following grounds of the appeal: one, that the Justice of the Peace failed and refused to grant a reasonable request of defendant’s counsel for adjournment; two, that the information contained facts irrelevant and unnecessary to the offense which prejudiced the defendant’s rights to a fair and impartial trial; and, three, that the evidence on the trial was wholly insufficient. The other points listed in the affidavit of errors may be considered as included in the foregoing specifications or do not seem sufficiently important for comment.
An examination of the record indicates that there was sufficient evidence to support a conviction of the offense of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. Although there was no evidence of calibration of the speedometer of the police car, two State police officers after having been qualified, estimated defendant’s speed to be 65 to 70 miles per hour over a distance of a quarter of a mile. This evidence in itself is sufficient to sustain the charge of speeding. (People v. Heyser, 2 N Y 2d 390.)
Counsel for the appellant contends, that the defendant was improperly charged as a second offender in the information, and cites People v. Swartout (2 Misc 2d 364 [Chenango County Ct.]) and People v. Shapp (Sullivan County Ct., Feb. 28, 1955, Cooke, J.). I cannot agree with the position taken by my learned colleagues on this point. The Court of Appeals has held that increasing the penalty of a second felony offender increases the criminality of the act and in effect creates a differ *656 ent crime with the prior conviction added as an element of the offense. (People v. Sickles, 156 N. Y. 541.) In the recent case of People v. De Santis (305 N. Y. 44) the Court of Appeals held, that the practice of including allegations of previous convictions of felonies in an indictment was still proper, notwithstanding the provisions of section 1943 of the Penal Law providing for second offender sentences either after sentence or conviction.
Applying the reasoning in the ease of People v. Sickles (supra) to the present situation, it would seem logical that section 70 of the Vehicle and Traffic Law, by increasing the penalty for second offenders, has created a new offense involving additional criminality and that it would not be improper to charge a defendant with the elements of such offense in an information. In fact, there is no statutory procedure for sentencing speeding second offenders after conviction. Unless the procedure of charging the defendant as a second offender in an information is adopted, he may not have an opportunity to meet the full charge. It is common knowledge that as a matter of practice, defendants are sentenced as second speeding offenders from records of prior conviction on their operator’s licenses and even in some instances, on teletype messages furnished by the arresting officer. In such cases, the defendant does not have an opportunity to cross-examine and to be confronted by the witnesses and proof offered against him. The danger to the defendant’s fundamental and constitutional rights is much greater under this practice than it would be to confront him with the full charge on which he is to be punished, if convicted.
It is possible that a defendant’s rights might be protected, even in the absence of a statutory provision, if following a conviction as a first offender, the magistrate confronted him with a second offender charge and gave him the opportunity to admit or deny and contest the accusation as to the prior offense. The record does not show that such procedure was followed in this case.
However, if the defendant is charged in an information as a second offender, the prior conviction should be proven on the trial. In the case now under consideration no proper proof was offered as to the prior conviction, although in the testimony of one of the police officers some reference to a prior conviction was made. If the prosecutor elects to charge the defendant as a second offender in an information, such charge should be substantiated by the proof. In view of the absence of such proof under the information filed, this conviction cannot stand.
Although the defendant was granted a four-day adjournment to prepare for trial, he claims that he was unable to contact his *657 counsel until the day of the trial at which time counsel attempted to adjourn the case by telephone. An adjournment was not granted by the court. Counsel claims he did not have an opportunity to investigate the matter and prepare for trial. This point certainly presents an additional reason for reversing the conviction. While it is true, that the same amount of time is not needed to investigate and prepare for trial for a minor offense or infraction, as in the case of a felony or more serious crime, nevertheless, a speeding infraction may under certain circumstances, result in the loss of a motor vehicle operator’s license. Many times when defendants are traveling in States or counties some distance from their home, they do not have an opportunity to consult an attorney of their choice until they return home after an interval of several days. Substantial justice is not promoted by forcing a lawyer to go to trial on the first day his client consults him. In the opinion of this court, a reasonable adjournment should have been granted to counsel for the trial of this case.
The judgment of conviction should be reversed and the case sent back to the Justice Court in the town of Windsor for a new trial. An order may be submitted accordingly.