Francis J. Clohessy, J.
Defendant was found guilty on February 6, 1957 after trial without a jury, by the Police Justice of the Village of Waverly, of the charge of operating a motor vehicle on a public highway known as Chemung Street at a rate of speed in excess of 25 miles an hour in violation of Ordinance No. XI of such municipality. The Justice imposed a fine of $15 which was paid.
From such judgment of conviction the defendant has taken this appeal in which he alleges certain errors. He contends, among other things, there was failure on the part of the People to prove legally that the vehicle operated by him had exceeded the speed limit.
An examination of the record on appeal tends to show that such proof on the part of the People is confined to the testimony of the arresting officer and consists of the reading of a speedometer in the police car and an estimate and opinion.
The Court of Appeals in recent decisions held that although evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 653) still such evidence without more Would be insufficient to sustain conviction for speeding. (People v. Heyser, 2 N Y 2d 390; see People v. Matthews, 4 Misc 2d 278.)
In this case there is no proof as to the testing of the speedometer for accuracy. Under the above decisions such reading alone would be insufficient. To sustain the conviction there must be more. The additional evidence, if any, must be found in the estimate or opinion of the arresting officer.
Richardson on Evidence ([8th ed.] p. 353) states pertinent rules. The opinions of ordinary witnesses — those not experts — may be received as to the speed of automobiles. “ But the witness must first show some experience in observing the rate of speed of moving objects or give some satisfactory reason or basis for his opinion. Salter v. Utica & Black River R. R. Co., 59 N. Y. 631; Fisher v. Union Ry. Co., 86 App. Div. 365 * * *. See, also, Senecal v. Drollette, [304 N. Y. 446]. There is authority for the view, however, that since modern civilization *1009 has made almost all persons familiar with the speed of automobiles * * * any person of ordinary intelligence and experience, having had the opportunity of observation, may testify to the speed of such vehicles. 94 A. L. R 1180; 20 Amer. Jur., Evidence, sec. 805.”
Of the foregoing, the rule that requires experience in observing the rate of speed of moving objects appears to be the sensible one to apply in this case in which there should be reasonable exactness in the proof of rate of speed in miles per hour as distinguished from the manner of operation.
Such rules as quoted are general in nature. They necessarily are subject to and should be considered in conjunction with other rules of equal or greater importance.
In a prosecution for an infraction there are fundamental rules for the protection and enforcement of substantial rights of the accused person. These rules because of their specific purpose should predominate over general rules. In other words the above rules concerning evidence of speed should give way to those affecting the individual and his substantial rights.
Two of those fundamental rules are that the accused person has no burden to sustain and that from the beginning of the trial to the end the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant.
There rules, when applied to a prosecution in which the proof is dependent on an estimate or opinion as to the rate of speed in miles per hour, require that the People have the burden of proving the qualification of the witness to make such estimate and give such opinion.
A witness should not be presumed to be so qualified. Without being shown to be qualified the estimate or opinion of a witness may be a guess or surmise. Hence the need for proof of qualification.
Such qualification necessarily must be based on experience with motor vehicles. Ingredients make up and constitute experience. Such ingredients must be proven to establish experience.
To permit “ experience ” to be based solely upon the term “ operate ”, “ drive ” or “ driver ” or the status of “ officer ” is to force a guess or surmise as to what experience may consist of or be based upon. What might or must have been is not permitted. (People v. Sacks, 276 N. Y. 321.)
“ Driving ” alone does not so qualify. A person may have operated vehicles for a long period of time and over many miles without being qualified to give an opinion or make an *1010 estimate as to the rate of speed in miles per hour of other vehicles.
Likewise what a person did and observed on a single day may not qualify him sufficiently to make an estimate or express an opinion as to rate of speed in miles per hour. Time, occasion and familiarity are necessary.
To summarize, in a prosecution for the infraction of speeding in order that a witness may be qualified to estimate and express an opinion as to the rate of speed in miles per hour there should be proof of relevant ingredients sufficient to constitute experience in that particular category, and the burden of proof thereof is with the People. The proof should be based on specific experience and familiarity with motor vehicles and their speed and not on the casual observation of general experience.
In this case the inquiry as to more or additional evidence simmers down to the qualification, if any, of the arresting officer to estimate the rate of speed in miles per hour of the vehicle operated by the defendant.
The officer testified in substance that he had patrolled in, driven and operated the police car four to eight hours a day, six days each week and for ten months; driven such vehicle thousands of miles; before becoming a member of the police force, driven other vehicles thousands of miles; been driving for approximately seven years and about twenty-five thousand miles; ridden as a passenger in cars for many miles; and on the day of and just prior to making the arrest had occasion to see other vehicles, houses, poles, stationary objects and oncoming objects.
Throughout the testimony frequent reference is found to “ experience ” as a driver and “ driving ” of vehicles for many years and miles. There appears no evidence showing what such experience was made up or consisted of nor as to what the witness gained from such driving concerning rate of speed in miles per hour.
Specifically there is no proof of any occasion to estimate the speed of moving cars, checking of speeds against accepted and tested instruments, measurements, readings, timings, comparisons, observations and the doing of those things which over a period of time and driving provide a person with the opportunity, knowledge, training, ability and qualification to estimate the rate of speed in miles per hour.
The weakness appears in the absence of proof as to those ingredients which would constitute experience sufficient to qualify the officer to make an estimate and express an opinion as to the speed in miles per hour of the car operated by defend *1011 ant. In other words, there is no evidence in the record as to the expertise of the officer in judging speed. (People v. Heyser, supra; People v. Matthews, supra; People v. Rothstein, 1 Misc 2d 516.)
Without doubt the officer was fully qualified to make an estimate and express an opinion but the facts to show that qualification and permit such opinion do not appear in the record.
The arresting officer’s testimony is reduced to a mere opinion as to the speed of defendant’s vehicle and without being based upon any proven qualification and legal source of knowledge or information. Under the rules of evidence such naked opinion should be disregarded. (People v. Greenhouse, 4 Misc 2d 692.)
There are missing in this case the facts constituting more or additional evidence. Proof of the rate of speed in miles per hour consisting solely of the reading of an untested speedometer and the testimony of an unqualified witness is clearly insufficient.
For such reason the judgment of conviction is reversed, the fine remitted and the information dismissed. Reversal for errors of both law and fact.
Defendant on this appeal has urged another error in the contention that there was a failure on the part of the People to prove that the Village of Waverly had erected traffic signs in accordance with the provisions of the Vehicle and Traffic Law. Since the error already adverted to constitutes sufficient ground for reversal no useful purpose will be served in reviewing the second contention here.