Domehick L. Gabrielli, J.
This is an appeal from a conviction in the Court of Special Sessions held in the Town of Campbell, Steuben County, New York, on March 27, 1957, for a violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant was found guilty on said date after trial without a jury and was fined $15.
Prom such judgment of conviction, the defendant has taken an appeal in which he alleges certain errors. Among other things, he contends that there was a lack of legal proof that the vehicle he was operating had exceeded the statutory speed limit.
An examination of the return and record on appeal shows that the proof on the part of the People is confined to the *101 arresting officer and consists of the reading of a speedometer in the vehicle operated by the arresting officer, as well as an estimate and opinion.
A further reading of the record shows there is no proof as to the legal testing of the speedometer for accuracy. The Court of Appeals has recently held that although evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 653), still such evidence without more would be insufficient to sustain conviction for speeding. (People v. Heyser, 2 N Y 2d 390; People v. Matthews, 4 Misc 2d 278.)
The record is devoid of any proof of the testing of the speedometer involved and it was admitted by the officer that none such had taken place.
Therefore, in order to sustain the conviction there must be additional evidence of speeding and this, if any, must be found in the estimate or opinion of the arresting officer.
In a prosecution for speeding, there are fundamental rules which predominate and two of these are that the accused person has no burden to sustain and that from the beginning of the trial to the end, the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant.
Therefore, these rules when applied to a prosecution in which proof is dependent on an estimate or opinion, require that the People have the burden of proving the qualification of the witness to make such estimate and to give such opinion. A witness cannot be presumed to be so qualified.
To permit “ experience ” to be based solely upon the term “ operate ”, “ drive ” or “ driver ” or the status of “ officer ” is to force a guess or surmise as to what experience may consist of. There appears no evidence showing what such experience was or consisted of and specifically there is no proof of any occasion to estimate any speed of moving cars, measurements, readings, timings, observations, training and qualification. In other words, there is no evidence in the record as to the experience of the officer in judging speed.
Without doubt the officer may have been fully qualified to make an estimate and express an opinion, but the facts fail to show that qualification. The arresting officer’s testimony is reduced to a mere opinion and under the rules of evidence, such naked opinion should be destroyed (People v. Greenhouse, 4 Misc 2d 692).
For such reasons the judgment of conviction is reversed, the fine remitted and the information dismissed.
*102 The defendant in this matter has urged other errors, the principal one of which was the fact that the Magistrate considered facts not in evidence. This was not disputed by. the District Attorney. However, since the error already assigned, constitutes sufficient ground for reversal, it is not necessary to review any of the other contentions herein.
Submit order.