Milton A. Wiltse, J.
The above-named defendant was convicted before Honorable Leo L. Lb Vasseur, Justice of the Peace of the Town of Theresa, on the 2d day of October, 1958, for violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York, commonly called “ speeding An appeal was perfected to the County Court, based upon alleged errors that occurred upon the trial.
Pacts relating to them are hereinafter enumerated.
The defendant claims that the officer that apprehended Mm was not properly qualified to state an opinion as to the speed of the veMcle operated by the defendant, and that no foundation for his opinion testimony as to speed of defendant’s vehicle was laid. The apprehension of the defendant by the officer took place at or about 6 o’clock in the evening on the aforesaid date, on Route 37 in the Town of Theresa, New York, north of the point where Route 27 intersects said Route 37.
The officer testified that he had been a member of the New York State Police since May of 1958, and that Ms main duties had been patrolling the highways since that time; that he had operated an automobile for some six years prior to May of 1958; that prior to his entry into the service of the New York State Police, he had observed the speed of various automobiles and formed opinions as to the speed of such automobiles and had compared the speed as he had calculated it, with the reading on the speedometer of the automobiles in wMch he was riding, or which he was driving; that he had also been following a similar procedure in his State Police work for five days a week; that on the date in question, he followed the defendant’s *570 automobile for 6/10ths of a mile while he was “ clocking ” its speed; that he was approximately 300 yards behind the defendant’s car while so doing; that he had no recollection of any cars that were between the State Police automobile and the defendant’s car; that his speedometer reading during that period showed that the defendant was going 75 miles per hour; that without reference to the speedometer, his opinion was that the defendant’s automobile was traveling at approximately 70-75 miles per hour.
It would appear that the testimony regarding speed was properly admitted and was sufficient, if believed by the court. (People v. Heyser, 2 N Y 2d 390.)
Therefore, there was no error on the part of the court with respect to dismissing the information at the close of the People’s case, nor at any other time, on that ground.
Defendant’s testimony controverted the speed testified to by the officer. The court was then presented with a question of fact and believed the testimony of the officer as to speed.
The other error mentioned in the affidavit submitted by the defendant is alleged to have been the action of the court in not allowing certain questions as to other cars being on the road, upon cross-examination of the officer, when the Assistant District Attorney had made no objection to the question. It is believed that the court had power to limit the cross-examination in that respect, if he felt that no proper foundation had been laid; in any event, it has been held that an appellate court upon appeal, should give judgment without regard to technical errors or definitions which had not prejudiced the substantial rights of the defendant. (People v. Hawk, 268 N. Y. 678.)
In the instant case, it is believed that the defendant was not prejudiced by limiting cross-examination with regard to whether or not other automobiles were on the highway at the time, and it is believed that the defendant had a fair and impartial trial, and that no errors were committed in this respect, which affected or prejudiced the substantial rights of the defendant. (People v. Hawk, supra.)
No other specifications of error were set forth. The judgment of conviction of the defendant and the sentence thereunder is affirmed in all respects.
The District Attorney is respectfully requested to prepare an order in accordance with the above and to serve a copy of same upon counsel for the defendant and file the original order in the office of the County Clerk of Jefferson County.