Milton A. Wilts, J.
Before the Honorable Chesteb A. Paul, Justice of the Peace of the Town óf Pamelia, Jefferson County, New York, defendant was found guilty of violation óf subdivisión 3 of section 56 of the Vehicle and Traffic Law. Judgment was rendered on October 31, 1958.
Defendant appeals therefrom, asking that the judgment of conviction be reversed, and the fine remitted. He alleges that there was no legal evidence received upon the trial as to speed óf the defendant’s bar, that no legal evidence was present showing that a Speed in excess of 50 miles per hour had fiot beén fixed by the State Traffic Commission at the location of the alleged violation; that the ear “ Clocked ” by the' officer was not the defendant’s Car, and that a reasonable doubt as tó the guilt of the defendant existed upon consideration Of all- of the evidence in the case.
John Melbourne, a member of the NeW York State Police testified in substance, that at or about 2:30 in the aftémOoñ of September 29, 1959 he followed a Chevrolet car, that he later learned was operated by the defendant, for about two miles in a southerly direction on Route 11, in the Town of Pamelia; that *891 at a distance of approximately 150 feet, lie “ clocked ” the Chevrolet car for four-tenths to five-tenths of a mile; that he had been a member of the State Police at that time for six months; that he had driven for some 10 years prior thereto; that during both periods he had formed opinions as to speed of automobiles, and had checked his opinions with speedometers and various measuring devices from 5 to 10 times daily, as a member of the State Police; that his opinions as to the speed of vehicles did not vary a great deal from the devices against which same were checked; that, in his opinion, defendant was traveling 65 miles per hour over the “ clocking ” distance; that his speedometer showed a speed of 60 miles per hour; that when he stopped the Chevrolet, the defendant was driving the same, and said he had an appointment in Syracuse, and asked the officer “ if he was a good boy, would I let him go? ”
The officer further testified that no signs permitting a greater speed than 50 miles per hour were present at the location of the alleged Violation at the time of same, nor prior or subsequent thereto. Judicial notice is taken that Route 11 is a State Mghway, and the testimony indicates as much.
The defendant denied traveling in excess of 50 miles per hour, except when passing a car. His testimony also differed from that of the officer, with respect to the conversation with the officer, when he was stopped.
The officer was qualified to give opinion testimony as to speed, and his testimony, together with all of the other evidence in the case, if believed, was sufficient to warrant the finding of guilt. (People v. Heyser, 2 N Y 2d 390.)
Sufficient testimony was present for the trial court to find beyond a reasonable doubt, that the defendant was guilty.
The judgment of conviction is affirmed in all respects.
The District Attorney is respectfully requested to prepare an order to conform with the above, and to serve a copy of the same upon counsel for the defendant.