J. Kenneth Servé, J.
The defendant was convicted of violating subdivision 3 of section 56 of the Vehicle and Traffic Law in the Town of Albion, Orleans County, New York, before the Hon. Milton Kast, Justice of the Peace, on August 12, 1960.
The defendant-appellant urges that the judgment of conviction should be reversed because on the trial the People failed to establish by legal evidence that the State Traffic Commission did not permit a greater speed than 50 miles per hour in the area in question and further that he was convicted without proper proof of speed of his automobile.
Despite the fact that the Legislature has classified speeding as a traffic infraction and not a crime, the proceeding is quasi-criminal in nature. Upon a conviction for the first offense the *1021 defendant is subject to imprisonment for 30 days. The People must prove all of the elements of the charge of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law beyond a reasonable doubt. (People v. Parker, 192 Misc. 551.)
The People must prove (1) that the defendant was operating the motor vehicle on a public highway in excess of 50 miles per hour for a distance of one fourth of a mile (this requirement has now been modified by subdivision 3 of section 1180 of the Vehicle and Traffic Law, eft. Oct. 1, 1960); and (2) that no greater speed was permitted by the State Traffic Commission at the time and place where the information alleges that the violation occurred.
In the instant case the People failed to introduce any legal evidence to prove that a greater rate of speed was not permitted by the State Traffic Commission at the time and place set forth in the information. This failure of proof is fatal to the People’s ease. (People v. Smith, 192 Misc. 965, affd. 299 N. Y. 707; People v. Van Wieren, 15 Misc 2d 106; People v. Palumbo, 130 N. Y. S. 2d 583.)
In an effort to establish the rate of speed the defendant was traveling, the State Trooper, who was the arresting officer, testified that he “ clocked the defendant at' 65-70 miles per hour.” No legal evidence was submitted as to the accuracy of the speedometer. Evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 652), but such evidence without more is insufficient to sustain a conviction for speeding (People v. Heyser, 2 N Y 2d 390). No other evidence as to speed was offered.
The State Trooper had ample opportunity to observe the defendant in the operation of his vehicle, but he did not render any opinion as to the defendant’s speed. The only effort the witness made to qualify himself so he could give admissible evidence as to speed was Avhen he testified that “ troopers are held in [sic] being experts on speed and you can distinguish a vehicle going 60 miles an hour from one going 50 miles an hour.” It cannot be assumed that every State Trooper is an expert on judging speed. The fact that he was a State Trooper did not in and of itself qualify him as a person entitled to give an adequate opinion as to speed. If ihe officer Avished to properly qualify himself, he should hax’e particularized his experience and knowledge in estimating the speed of moving motor vehicles.
For the above reasons the judgment of conviction is reversed, the fine remitted, and the information dismissed.