John J. Walsh, J.
The chief contentions of the defendant on this appeal are (a) that the speedometer on the officer’s car was not calibrated for accuracy at a reasonable time before the alleged violation (b) the police officer did not properly “ clock ” the defendant, and (c) the officer did not qualify as an expert on the rate of speed of defendant’s vehicle.
*469 The Court of Appeals in a series of opinions recently has outlined the quantum of proof required in speeding cases (People v. Heyser, 2 N Y 2d 390; People v. Marsellus, 2 N Y 2d 653; People v. Magri, 3 N Y 2d 562; People v. Dusing, 5 N Y 2d 126).
In People v. Dusing (supra, p.. 128) the court said: “The sum of the combined Magri, Heyser and Marsellus holdings is: first, that a reading from an untested speedometer or radar device is admissible but is not without more sufficient for a speeding conviction; and, second, that the resulting deficiency in proof can be supplied by the testimony of qualified observers.55
Thus, the record must show the expertise of the witness in judging speed. (People v. Tanner, 6 Misc 2d 1007.) The mere fact that a person has had ‘ ‘ driving experience ’ 5 is insufficient. There must be evidence ‘ ‘ based on specific experience and familiarity with motor vehicles and their speed and not on the casual observation of general experience/5 (People v. Tanner, supra, p. 1010.)
In the instant case, the officer testified as to his experience in estimating speeds of vehicles over a period of years and checking such estimated speeds with a calibrated speedometer.
On the basis of this testimony, the opinion of the officer was received in evidence.
The trier of the facts thus had before him opinion evidence to bolster the untested speedometer. There being no error of law, this court on appeal cannot substitute its opinion of the facts for that of the Trial Justice who had the benefit of observing the witnesses on the witness stand. Judgment affirmed.