J. Kenneth Servé, J.
The defendant was convicted in the Police Justice Court of Albion for violating the speed ordinance of that village. A fine of $50 was imposed and paid.
An appeal has been taken from the judgment of conviction, and in his affidavit, the defendant alleges that the prosecution has failed to prove the allegations in the information beyond a reasonable doubt, and that the decision of the Police Justice was contrary to the weight of the credible evidence.
On the trial, which was without a jury, the prosecution called only one witness, the arresting officer. He testified that he was riding in a patrol car, which was then being operated by another police officer, and that the speedometer read 50 m.p.h., and that the patrol car was 200 feet behind the defendant’s car, which was traveling at the same rate of speed. On cross-examination, he stated that from his position in the patrol car, he could not get an accurate reading of the speedometer, and that he asked the officer, who was operating the car, what the speedometer read. This testimony as to the rate of speed disclosed by the speedometer was hearsay and incompetent. The prosecution failed to call the other officer as a witness.
The sole witness for the prosecution further testified that the speedometer had been calibrated about a month prior to the speed infraction, which the defendant was charged with; however, no testimony was offered as to the results of the calibration test. There is no proof in the case of the accuracy of the speedometer in the patrol car. It appears that the speedometer was tested, but there is no evidence whatsoever as to the results of the test, and consequently such speedometer is in the class of an untested speedometer.
Evidence of the reading of an untested speedometer is admissible (People v. Marsellus, 2 N Y 2d 653), still such evidence without more is insufficient to sustain a conviction for speeding (People v. Heyser, 2 N Y 2d 390).
The arresting officer further testified that he had been a State trooper for about three months prior to the arrest of the defendant and “ during that time, I have observed other vehicles and *181 I am able to judge the speed of other cars within 5 mph. In my opinion, the defendant was driving between 45 and 55 mph.” The testimony of the witness, that he was able to judge the speed of other cars within five miles per hour, was a mere conclusion. The only attempt he made to qualify himself as one capable of estimating the speed of moving vehicles was when he testified “I have observed other vehicles.” He did not say what the other vehicles were and under what conditions he made his observations. He did not say that he checked his observation as to speed against instruments for measuring speed, which had been tested for accuracy. He did not state on how many occasions he had observed moving vehicles for the purpose of estimating their speed. In order to qualify himself, he should particularize his experiences in judging and estimating the speed of moving vehicles. Without evidence of this nature, which would tend to establish the witness as a qualified observer, the opinion rendered cannot remain outside the category of a guess or a random conclusion. (People v. Tanner, 6 Misc 2d 1007.) No other evidence was offered by the prosecution as to the speed of the defendant’s automobile.
The defendant did not testify. Following the closing of the ease, the defendant moved to dismiss the information on the ground that there was a failure of proof in respect to speed.
The burden of proving the defendant’s guilt rested with the People. In an effort to sustain this burden, the prosecution offered hearsay evidence based upon the reading of a speedometer which, for the purposes of this case, was an untested speedometer. The only other evidence offered by the prosecution as to the speed was elicited from a witness, who failed to qualify himself to render such an opinion. The evidence of the prosecution is insufficient to sustain the burden of proof. The motion to dismiss should have been granted. Judgment of conviction is reversed, the fine remitted, and the information is dismissed.