William F. Christiana, J.
Defendant appeals from a judgment of conviction for a violation of section 2 of an ordinance regulating the use and speed of motor vehicles over the streets and thoroughfares within the City of Hudson. The ordinance, as amended, limits speed on city streets to 25 miles per hour. The judgment of conviction was rendered by the City Court of *391 Hudson (Hon. Robert F. Meyers) on October 10,1961 after trial before the court. Defendant’s affidavit of errors alleges:
1. He was denied a speedy trial of the charge.
2. The evidence was insufficient to sustain the conviction.
As to the first question, the return of the City Judge indicates defendant was arraigned on July 11, 1961, pleaded not guilty, and deposited cash bail for appearance for trial on July 12. At that time, the case was postponed for trial until October 10, 1961.
The return contains the following statement: “ The adjournments were made for trial to October 10, 1961 without objection of defendant, Clifford Clark, or his counsel, and with the consent of all persons interested. No motion was made for failure to prosecute until the morning of October 10, 1961.” The record further discloses that on October 10, 1961, defendant’s counsel moved to dismiss the information on the ground that defendant ‘ ‘ was present on two previous occasions prepared for trial during the month of August and the action was not prosecuted at that time”. Nothing further relating to adjournments is disclosed in the record.
Counsel for defendant maintains that the return of the City Court on the issue of a prompt trial contains legal conclusions only and fails to reflect the complete record of what actually transpired on this issue. It follows, so defendant contends, that under the circumstances, this court must find as a matter of law, that defendant was denied his fundamental right to a prompt and speedy trial.
It is axiomatic that this court is bound by the return of the City Judge. (Code Grim. Pro., § 763; People v. Barbano, 10 Misc 2d 847.) The records making up the return clearly indicate that the three months’ adjournment was taken “ without objection of defendant or his counsel and on consent of all interested parties ”. If defendant was dissatisfied with the return, in that it was incomplete, inadequate, defective or in that it failed to disclose what actually transpired, the available remedy was an application for an order directing a further or amended return. (Code Grim. Pro., § 758; People v. Klein, 7 N Y 2d 264.) Obviously, no error can be found on this point and further discussion of the question would consist of 1 ‘ an elaborate elucidation of the obvious ”.
As to the second question, defendant’s conviction hinges on the testimony of two police officers, Hanson and Fitzgerald. Their testimony was supported in part by a disinterested witness. Both officers testified that they observed defendant driv *392 ing at a speed in excess of the lawful limit at approximately 1:15 a.m. on June 30, 1961. Officer Hanson estimated the distance travelled by defendant, as he observed it, to be about 600 feet and defendant’s speed over such distance to be about 40 miles per hour. Officer Fitzgerald estimated the distance to be “ three hundred feet or better ” and defendant’s speed at “ better than 35 — it could have been 40-45 ”.
Defendant contends the evidence of the police officers was improperly received, that no foundation for their testimony was laid, and in any event, the sum total of their evidence was insufficient to warrant a finding of guilt. He further asserts that the position of the officers on the highway was such as to afford them opportunity for only a momentary visual observation of the incident.
It is now well settled that opinion testimony of a police officer as to the rate of speed of a motor vehicle is competent evidence if a proper foundation is laid for the receipt of such testimony. (People v. Heyser, 2 N Y 2d 390; People v. Zuckerman, 5 Misc 2d 654; People v. Wimmer, 15 Misc 2d 568.) The prevalent rule was summarized in People v. Tanner (6 Misc 2d 1007, 1010) as follows: ‘1 The proof should be based on specific experience and familiarity with motor vehicles and their speed and not on the casual observation of general experience ”.
It is obvious from a review of the record that a weak foundation for the opinion testimony of the officers as to the issue of speed was supplied. Nevertheless, the bulk of their testimony was admitted in evidence without objection or motion to strike. Thus, their evidence became part of the record and was entitled to whatever weight the City Judge deemed to ascribe to it. “ Once admitted, whether properly or erroneously, the evidence is entitled to be considered by the trier of fact and accorded the weight it deserves ”. (Fisch, New York Evidence, § 18, p. 9.)
People v. Bothstein (1 Misc 2d 516) is not to the contrary. In that instance, defendant, charged with speeding, was unrepresented by counsel, did not object to hearsay evidence adduced in the trial court and failed to move to strike. On the appeal to the County Court, defendant claimed the evidence should not have been admitted in the court below. The County Court held that the objection had been waived and was not available on appeal. In other words, the evidence remained in the record for whatever consideration the appellate court chose to afford it. However, such evidence was the only testimony as to the accuracy of a speedometer, and since the same was hearsay, the court considered it worthless and disregarded it. There then remained no legal evidence on behalf of the prosecution as to the *393 question of speed thereby necessitating a reversal of the conviction.
In the case at bar, defendant was represented by counsel, no question as to a speedometer reading was involved nor was the testimony of the police officers hearsay. Their evidence was predicated on personal observation, and some basis, however slight, was laid for their opinion testimony. The trial court was entitled to weigh their account of the occurrence and balance it against the testimony offered by defendant and his witnesses which, it may be noted, was not impressive.
The ruling in People v. Greenhouse (4 Misc 2d 692) is not relevant. There the question also involved a speedometer reading and it was further indicated that visibility of defendant’s motor vehicle on the part of a single arresting officer was hampered or obscured by intervening traffic. Here, the range of vision of two officers, while perhaps only instantaneous, was unobstructed. Moreover, a portion of their story was verified by a passing motorist.
The trial court was empowered to adjudge the credibility of the witnesses and determine questions of fact. This court is not inclined on the record to substitute its judgment on factual issues for that of the City Judge. The evidence of the prosecution, if believed, was sufficient to sustain the conviction. No error is found on the second point.
On appeal, defendant presented an additional question. He argued that the prosecution failed to present proof as to the existence of the ordinance under which defendant was convicted and that the court below could not take judicial notice thereof. This is of dubious merit. (See Civ. Prac. Act, § 344-a, subd. 3; People v. Zambito, 21 Misc 2d 815; People v. Resciniti, 191 Misc. 719.) In any event, the question cannot be considered. This court can review the judgment of conviction only upon issues raised in the affidavit of errors presented at the time of the allowance of the appeal. (People v. Prior, 4 N Y 2d 70; People v. Scherno, 140 App. Div. 95; People v. Helmes, 144 Misc. 695.) Since this question was not raised by defendant’s affidavit of errors, it consequently cannot be reviewed. The judgment of conviction is affirmed on the law and the facts.