Donald J. Mark, J.
The defendant was charged with operating his motor vehicle 75 miles per hour in a 50-mile-per-hour zone in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law. Upon the trial the evidence showed that the arresting officer had “ clocked ” the defendant at 75 miles per hour and that he had estimated the defendant’s speed at 80 miles per hour.
The law is clear that two elements of proof necessary to sustain a speeding conviction are (1) the reading from an untested speedometer or radar device and (2) the opinion of an officer properly qualified as an expert to estimate speed. (People v. Dusing, 5 N Y 2d 126.) The first standard has been met in the instant case and is unchallenged by the defendant.
The testimony on direct examination in regard to the arresting officer’s qualification was that he had spent 19 months assigned to road patrol, that he had estimated the speed of moving vehicles approximately 200 times, that he had compared these estimates against calibrated speedometers and that he was accurate within 5 miles per hour. Upon cross-examination the officer candidly admitted that he knew only through hearsay that such speedometers were calibrated.
At the conclusion of the People’s case the defendant moved to dismiss the information upon the novel ground that the expertise of the arresting officer in estimating speeds was based upon the comparison of his estimates against untested speedometers and was insufficient. Decision was reserved on his motion.
*461 The defendant is correct in his contention that the arresting officer here has compared his estimates of speed against untested speedometers, for information that a speedometer has been calibrated acquired through hearsay denominates such speedometer as untested. (People v. Marsellus, 2 N Y 2d 653.) Therefore, the qualification of the officer must depend upon whether or not untested speedometers can be relied upon to acquire expertise.
Typical New York pronouncements in this area are illustrated by People v. Page (32 Misc 2d 179) and People v. Wimmer (15 Misc 2d 568).
People v. Page (supra, p. 181) found a police officer unqualified to estimate speed because in reciting his experience he “ did not say that he checked his observations as to speed against instruments for measuring speed, which had been tested for accuracy. ” The court obviously was demanding a hearsay declaration of the speedometers’ accuracy, and People v. Marsellus, (supra) equates hearsay in this instance with untested speedometers.
People v. Wimmer (supra, p. 569) accepted a police officer’s qualification because to demonstrate his experience he stated that he had “ compared the speed as he had calculated it, with the reading on the speedometer of the automobiles which * * * he was driving ”, The court there waived even a hearsay declaration of accuracy in favor of reliance upon untested speedometers per se.
These decisions would seem to constitute authority in contradiction to the defendant’s ingenious theory and for the proposition that expertise may be acquired by resort to untested speedometers.
This conclusion is reinforced by the following examination of one police officer in People v. Dusing (5 N Y 2d 126, 127, supra) which was the only evidence adduced to qualify him as an expert:
“ Q. How long have you been a motorcycle policeman? A. About two years.
Q. You have made arrests for speeding? A. Many times.
Q. As a result of your experience as a policeman, also your experience in driving, are you able to estimate the speed of moving vehicles? A. Yes. ”
The examination of the .other police officer involved was equally terse. Yet the Court of Appeals upheld the defendant’s conviction for speeding and said of the police officers’ expertise : “ The other proof of speeding came from two admittedly experienced and qualified police officers
*462 Similar interrogation established the qualification of policé officers to the satisfaction of the Court of Appeals in People v. Magri (3NY 2d 562) People v. Marsellus (2 N Y 2d 653, supra) and People v. Heyser (2 N Y 2d 390) so that court has applied even less stringent requirements for establishing expertise than the County Courts.
Thus, it seems conclusive that by the criteria set by the Court of Appeals and the County Courts the arresting officer in the instant case has been qualified as an expert to estimate the speed of the defendant’s vehicle.
Another reason why the defendant cannot prevail is the insuperable burden his theory would impose upon the prosecution. It would require independent proof of the accuracy of the speedometers against which the police officer compared his estimates of speed on every occasion he made such an estimate. His testimony that he was informed such speedometers had been tested would be hearsay and unacceptable to prove accuracy. (People v. Martindale, 6 Misc 2d 85.)
No better answer to this argument can be found than People v. Stephens (52 Misc 2d 1070,1072) where the court in affirming a speeding conviction stated: 1 ‘ The tests must end somewhere. The oft-heard layman’s opinion that * * * the law can be frustrated * * * must not be encouraged by slavish adherence to hypertechnical requirements of myriad testings. ’ ’
Therefore, the motion of the defendant to dismiss the information is denied, and he, having rested upon the People’s case, is found guilty.