Douglas W. Whitney, J.
This is a motion by defendant to dismiss a charge of speeding alleging that defendant operated his motor vehicle at a speed of 45 miles per hour within the Village of Fairport, which has a speed limit of 30 miles per hour, in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. Defendant’s motion was made at the end of the People’s case and is based upon two specific grounds: (1) that the opinion testimony of the arresting police officer pertaining to defendant’s rate of speed is inadmissable because this witness failed to qualify as an expert in estimating speed; (2) that the People must prove that the defendant personally observed a sign posting the speed limit in the Village of Fair-port at 30 miles per hour in order to convict defendant of the alleged violation.
It is well-settled law in the State of New York that opinion testimony of an arresting officer regarding a defendant’s rate of speed is admissible in a speeding case provided the arresting police officer first establishes his credentials sufficiently to accord his opinion a degree of accuracy. (People v. McIntosh, 35 Misc 2d 865; People v. Clark, 33 Misc 2d 390; People v. La Bare, 16 Misc 2d 890; People v. Wimmer, 15 Misc 2d 568; People v. Boehme, 1 Misc 2d 629.) Moreover, the Court of Appeals has ruled in People v. Heyser (2 N Y 2d 390) that testimony of an arresting officer regarding the reading of his speedometer, although the speedometer is untested, together with that officer’s opinion, properly qualified, as to the defendant’s rate of speed are sufficient to sustain defendant’s conviction for speeding.
In the instant case the arresting officer, Officer Hardenbrook of the Village of Fairport Police Department, testified upon direct examination by the People that he had been a member of the Fairport Police Department for 15 months prior to the alleged speeding violation. During this time he had been primarily involved in active traffic duty spending from 25 to 30 hours per week in this capacity. The only exception during this time was a 10-weelc period during which he attended a police officer’s training school conducted by the Monroe County Sheriff’s Department. While attending this school, Officer Hardenbrook testified that he participated in approximately three days of formal training in clocking speeding violators and that in the course of this instruction, and thereafter, he had compared his visual estimates of speed against a properly calibrated speedometer and was accurate to within three miles per hour.
In addition, Officer Hardenbrook testified that he had followed the defendant in this case for a distance of three tenths of a mile. *1029 During this time he maintained a constant distance between his vehicle and defendant’s, made three separate visual readings of his own speedometer, each of which showed his own speed to be 45 miles per hour.
The state of the record leads inescapably to the conclusion that a proper and sufficient foundation was established by the People for the admission of Officer Hardenbrook’s opinion testimony as to defendant’s rate of speed. Moreover, Officer Harden-brook’s further testimony relating to his own rate of speed, as indicated by his own speedometer, clearly brings this case within the rule stated in People v. Heyser (supra) and taken in toto provides sufficient evidence for conviction.
The defendant has cited People v. Page (32 Misc 2d 179) in support of his contention that Officer Hardenbrook’s testimony is not sufficient to sustain a conviction for speeding. The case at bar is easily distinguishable since in the Page case the only witness produced by the People was a police officer who was a passenger in a vehicle following defendant’s allegedly speeding vehicle. It was held in that case that this testimony was not sufficient to convict defendant because the witness never personally observed the speedometer in his vehicle but merely stated the speedometer readings communicated to him by the driver of the vehicle in which he was a passenger. This was properly found to be hearsay and, therefore, inadmissable. However, in the case at bar, there is no indication that Officer Hardenbrook relied upon anything other than his own personal observation of his speedometer and his own professional experience as a police officer.
Defendant’s second basis for dismissing the alleged speeding violation rests upon an alleged requirement for reasonable posting of speed limits which are less than those generally prescribed for motor vehicles on highways within this State. Specifically, defendant claims that the People must prove beyond a reasonable doubt that this defendant personally observed a sign or other device stating the speed limit within the Village of Pair-port to be 30 miles per hour. In support of this contention defendant cites People v. Mayone (50 Misc 2d 150) in which it was held that the test of reasonable posting was not met where the People failed to show by direct testimony that the defendant had actually passed a speed limit sign in the Town of Penfield, New York, posting the speed at 40 miles per hour. The testimony of the arresting officer that there were several such signs in the area in which defendant allegedly committed the speeding violation, that they were of regulation size and shape, and were *1030 observed by the officer on the day in question did not meet the so-called test of reasonable posting.
The Court of Appeals decision in People v. Lathrop (3 N Y 2d 551) is, however more in line with the case at bar and is controlling. In Lathrop, the defendant was charged with speeding in excess of the 25-mile per hour speed limit in the Village of Marcellus, as established by a village ordinance. At trial the People proved that the alleged violation occurred within the Village of Marcellus and that signs posting the speed limit at 25 miles per hour were located at four entrances to the village. The Court of Appeals, in affirming defendant’s conviction, found that the placement and location of those speed signs were adequate to afford defendant fair notice of village speed limits.
In the case at bar, the only testimony by the People’s witness shows that there was a single speed zone sign posting the village speed limit at 30 miles per hour ‘ ‘ just inside the village line on West Church Street ”. However, there is no evidence that defendant entered the Village of F airport by way of West Church Street. Nor is there any evidence that other entrances to the Village of Fairport were similarly posted. This clearly is insufficient proof of reasonable notice of posting as enunciated in People v. Lathrop (supra) and, this court must rule that in this regard the People did, as defendant claims, fail to establish the element of reasonable notice of speed limit to this defendant.
Therefore, this court rejects defendant’s first basis for dismissing the alleged speeding violation, and although rejecting defendant’s specific contention that the People prove actual observation of a speed limit sign by defendant, accepts defendant’s second general thesis that the People must prove reasonable posting of a reduced speed zone in consonance with People v. Lathrop (supra). Accordingly, the information and charge against defendant are dismissed.