Frank R. Bayger, J.
The defendant has appealed his conviction after trial in the Town of Brant Justice Court (Gromo, J.) upon a charge of operating a vehicle at a speed of 94 miles per hour in a 55-mile-per-hour zone in violation of section 1180 (subd. [b]) of the Vehicle and Traffic Law.
The People’s proof consisted of testimony by two New York State police officers, unfortunately offered without the aid of a prosecuting attorney. Both officers testified that on November 15, 1971, at approximately 1:15 a.m., they observed a vehicle approaching their parked patrol car “ at a very high rate of speed ” in a westerly direction along Route No. 5, a public highway. Their car was equipped with a “ Vascar ” speed-measuring device with which they were monitoring traffic passing through a previously measured “speed trap”. Trooper Winkowski testified over objection that he obtained a reading of 94.3 miles per hour as the defendant’s vehicle passed through the trap and that he had independently estimated the car’s speed to be in excess of 90 miles per hour. Trooper Balón was unable to offer any independent estimates beyond a statement that the defendant passed the patrol car “at a great rate of speed.”. Trooper Winkowski further testified that he had checked the Vascar unit accuracy some three hours prior to the defendant’s arrest. A “calibration sheet ” prepared by Winkowski and certifying the unit’s accuracy at that time was accepted in evidence over the defendant’s objection.
The defendant has argued several points as grounds for a reversal of this conviction. His initial argument concerns the complainant’s failure to testify or otherwise prove that a speed limit greater than 55 miles per hour had not been established for this area of Route 5.
Section 1180 (subd. [b]) of the Vehicle and Traffic Law provides, in substance, that except where different maximum speed limits have been lawfully established, no person shall operate a vehicle in this State at a speed in excess of 55 miles per hour. Section 1620 (subd. [a]) authorizes the Department of Transportation to establish higher or lower speed limits for State *565 highways an,d further provides that the absence of signs allowing a higher speed shall be presumptive evidence that a speed greater than 55 miles per hour has not been authorized. It is the defendant’s contention that this presumption may not be relied upon by the People unless there has been some testimony as to the absence of signs indicating a higher limit. (See People v. Aubin, 231 N. Y. S. 2d 466.)
But there is another method of establishing the applicability of the 55-mile-per-hour speed limit. A trial court may properly take judicial notice of the Official Compilation of Codes, Buies and Begulations of the State of New York and the absence therein of any Department of Transportation regulation establishing a higher speed limit for Boute 5 in the Town of Brant. (People v. Foster, 27 N Y 2d 47.) And a court may do so, as in this case, without the People’s request. (CPLB 4511, subd. [a].)
A reversal is further urged on the basis of the trial court acceptance of Trooper Winkowski’s independent estimate of the defendant’s speed. The defendant contends, quite properly I believe, that the record failed to establish the officer’s qualifications in that regard. A careful reading of the testimony shows that he had been a licensed operator for 21 years and a trooper for 9% years; that he drives approximately 25,000 miles per year and in the course of daily patrols, “ Had opportunities to check dozens of vehicles.”; and that he had been a radar operator for approximately one year and a Vascar operator for a similar period.
While the officer undoubtedly meant to so indicate, he in fact did not state that he had ever estimated the speed of any moving vehicle or compared his estimates with any speed measuring device of known accuracy. Nor did his testimony that “ I have been able to independently estimate the speed of vehicles anywhere from two to five miles an hour, ’ ’ suffice to cure this defect in proof. In short, the witness failed to specifically indicate or particularize his experience and accuracy in judging the speed of moving vehicles. His skill in that regard, although undoubtedly possessed to a high degree, may not be assumed by a trial court. It must be proven and demonstrated on the record. Under established law, the trooper’s opinion as to the defendant’s speed was inadmissible. (People v. Tanner, 6 Misc 2d 1007; People v. Page, 32 Misc 2d 179.) The defendant’s speed was estimated as being in excess of 90 miles per hour. Had the trooper properly established his qualifications with regard to estimating speed, that testimony alone would have been suffi *566 dent to sustain this conviction. (Cf. People v. Olsen, 22 N Y 2d 230.) Upon this record, however, it was inadmissible and may not be considered.
There remains for consideration the proof concerning the “ Vascar ” reading of 94.3 miles per hour. The ultimate fact to be proved upon this trial was the defendant’s speed. It was incumbent upon the People to prove the alleged violation by competent evidence, either by way of a qualified witness’ estimate of defendant’s speed, or by means of its accurate measurement by some speed-measuring device. In the latter event the People have the burden of proving the accuracy of that device. This they failed to do upon the record herein.
This court is very much aware of the dangers posed by such reckless and wanton disregard of our speed laws as was alleged herein. Such drivers must be banished from our highways. But that punishment must be imposed only in accordance with our law. Here, the record is completely devoid of any testimony concerning the theory and mechanics of Vascar’s operation or the scientific facts and principles upon which its operation is founded. Neither officer offered any opinion at all as to Vascar’s accuracy nor did they demonstrate sufficient knowledge of its operation to allow such an opinion. Therefore there was no evidence upon which the trial court could properly find that this device accurately measured the defendant’s speed. The accuracy of that measurement was left entirely to the court’s conjecture.
This court’s independent research has shown Vascar to be a relatively simple and undoubtedly accurate mechanism for determining vehicular speed. It is widely used by law enforcement agencies in this State and elsewhere. But its operation and accuracy are still not a matter of such general knowledge as to eliminate the need for any proof of those facts. Neither our Legislature nor any higher court has as yet granted these devices per se acceptance in this State. Until their reliability is thus established, I believe the otherwise applicable rules of evidence must be followed and a proper foundation for the use of Vascar readings must be demonstrated. (Cf. People v. Magri, 3 N Y 2d 562; People v. Donaldson, 36 A D 2d 37; People v. Offermann, 204 Misc. 769.) The defendant’s objection to the receipt of the Vascar reading should have been sustained.
In view of the foregoing, there is no. need to consider the sufficiency of the proof as to the testing or operation of the Vascar device on this occasion or the admissibility of Trooper Winkowski’s calibration sheet. There was no competent evi *567 dence offered as to the defendant’s guilt. The judgment appealed from is reversed, the fine remitted and the simplified traffic information dismissed.