## STATE v BROWN

Case No. 31126/7-PT

County Court, Volusia County

March 24, 1988

### APPEARANCES OF COUNSEL

**Rosemary Calhoun,** Assistant State Attorney, for plaintiff.
**Eric Latinsky** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on February 12, 1988 for an evidentiary hearing on Defendant's Motion to Suppress based on an alleged unlawful stop of defendant's vehicle. The Court having heard testimony therein, finds as follows:

The facts in the instant case show that Volusia County Sheriff's Department Sergeant Larry Humm, on July 1, 1987, was proceeding

west on State Road 40 approximately 2–3 miles west of the Tymber Creek residential area. The speed limit was 55 miles per hour. Sergeant Humm observed the defendant's vehicle proceeding east on State Road 40. Sergeant Humm visually estimated defendant's speed at 70 miles per hour. Sergeant Humm testified that he activated his blue light prior to the defendant passing him. The Sergeant made a U-turn and accelerated above the speed limit to catch the defendant. The "speed" stop resulted in an unlawful speed (75 mph in a 55 mph zone) and a driving under the influence charge.

The following recitation of facts is necessary for a complete understanding of how the instant case arose. The State, prior to the hearing herein, stipulated that any radar or speedometer evidence was inadmissible. The stipulation was the result of an expired speedometer calibration period without renewal which also negated the use of the radar in a moving mode since the speedometer is used in checking said radar. Sergeant Humm testified that he knew the speedometer was not certified on July 1, 1987 due to the expired calibration.

Sergeant Humm testified that he looked at the radar which registered 75 miles per hour after he estimated the defendant's speed. The radar was, according to Sergeant Humm, operating accurately on July 1 even though the calibration period had expired. The stop was based on the visual estimation of speed in conjunction with the radar reading. The above described testimony based on the stipulation was objected to by defense counsel. Ruling on the objection was reserved.

Sergeant Humm did testify that he is a certified radar operator. Sixteen hours of class time for the certification involved estimating speeds within 5 miles per hour.

Section 316.1905(1), (3)(a) and (b), *Fla. Stat.* (1987) dealing with electrical, mechanical, or other speed calculating devices requires periodic testing to assure accuracy. DHSMV Rule 15B-2.011 sets forth the specific requirements for testing. Likewise, with regard to radar, DHSMV Rule 15B02.009(2)(c) mandates an external accuracy check at the beginning of the operator's shift by comparing the displayed patrol speed of the radar in moving mode to the calibrated speedometer. It is clear that the above described testing predicate is required prior to the admission of any evidence of speed based on said devices. The parties herein have stipulated that such periodic testing did not timely occur. Based on the above and foregoing in conjunction with the stipulation, any evidence of speed as it was gleaned from any speed calculating device is inadmissible, i.e., defendant's objection is sustained.

There is a dearth of caselaw in Florida with regard to proving speed

by witness observation. *Blackman v. Miami Transit Company,* 125 So.2d 128 (Fla. 3d DCA 1960) is the only case in the area. *Blackman* was an action for injuries sustained by an eight-year-old bus passenger when he fell over or was thrown forward and struck his head against a metal bar when the bus stopped. The only evidence of the speed of the bus was testimony by the boy and his mother that the bus was going "fast".

The Court noted that the testimony as to speed of the bus was not in miles per hour. Nothing was shown to establish the speed at which the bus usually traveled. No basis for a comparison was furnished. The Court, citing out of state caselaw including New York cases, held that testimony relating to speed of a vehicle, which does not give the speed in miles per hour, but states only that the vehicle was going "fast" (implying too fast), is lacking in quality and probative force. Standing alone, testimony that the vehicle was going fast or faster than usual is insufficient to establish excessive speed. The suggestion appears to be that testimony of speed in miles per hour by a qualified witness would have been admissible.

New York has extensively dealt with the issue. New York courts have found that, in a proper case, opinion evidence, uncorroborated by speed calculating devices, can be sufficient to sustain a speeding conviction. The established standard is that the witness must initially show some experience in observing the rate of speed of moving objects or give some satisfactory reason or basis for his opinion. *People v. Olsen,* 292 N.Y.S.2d 420 (N.Y. 1968) and *People v. Tanner,* 165 N.Y.S.2d 308 (Tioga County 1957). For other jurisdictions see *Government of Virgin Islands v. Rodriquez,* 300 F.Supp. 909 (St. Croix D.V.I. 1969) and *Lilly v. State,* 129 A.2d 893 (Md. 1957).

The Court in *People v. Tanner, supra,* set forth the following relevant considerations:

. . . [T]he People have the burden of proving the qualification of the witness to make such estimate and give such opinion.

A witness should not be presumed to be so qualified. Without being shown to be qualified the estimate or opinion of a witness may be a guess or surmise. Hence the need for proof of qualification.

Such qualification necessarily must be based on experience with motor vehicles. Ingredients make up and constitute experience. Such ingredients must be proven to establish experience.

To permit "experience" to be based solely upon the term "operate", "drive" or "driver" or the status of "officer" is to force a guess or

48

surmise as to what experience may consist of or be based on. What might or must have been is not permitted. *People v. Sacks,* 276 N.Y.S.2d 321, 12 N.E.2d 425.

"Driving" alone does not so qualify. A person may have operated vehicles for a long period of time and over many miles without being qualified to give an opinion or make an estimate as to the rate of speed in miles per hour. Time, occasion and familiarity are necessary.

The facts in *Tanner* are illustrative: The officer testified that he had patrolled in, driven and operated a police car four to eight hours a day, six days each week and for ten months; driven such vehicle thousands of miles; before becoming a member of the police force, driven other vehicles thousands of miles; been driving for approximately seven years and about twenty-two thousand miles; ridden as a passenger in cars for many miles; and on the day of and just prior to making the arrest had occasion to see other vehicles, houses, poles, stationary objects and oncoming objects.

The Court determined there was no evidence showing what the testified to "experience" was made up of or consisted of nor as to what the witness gained from such driving concerning rate of speed in miles per hour.

The Court noted, "specifically there was no proof of any occasion to estimate the speed of moving cars, checking of speeds against accepted and testing instruments, measurements, readings, timings, comparisons, observations and the doing of those things which over a period of time and driving provide a person with the opportunity, knowledge, training, ability and qualification to estimate the rate of speed in miles per hour."

The courts in the following cases found the law enforcement officer not qualified to give an opinion as to the rate of speed in miles per hour: *People v. Skupien,* 227 N.Y.S.2d 165 (Orleans County Ct. 1962) (Officer testified he had 4 years and 10 months as a member of the State police; drove a motor vehicle 50,000 miles a year, 30,000 miles on duty; was a radar operator and had a number of occasions to judge the accuracy and establishment of speed. Note that while the court ruled the officer had ample opportunity to observe motor vehicles he failed to testify as to the nature of the observations in the field of estimating speed and the results and measured accuracy of those estimates); *People v. Page,* 222 N.Y.S. 2d 450 (Orleans County Ct. 1961) (Officer testified he was a state trooper for about three months and had observed other vehicles and was able to judge the speed of other cars

within 5 mph); and *People v. Barone,* 205 N.Y.S. 2d 914 (Orleans County Ct. 1960) (Testimony only showed speed observer was a state trooper). See also *Government of Virgin Islands v. Rodriquez, supra* and *People v. Harndon,* 180 N.Y.S. 2d 799 (Steuben County Ct. 1959).

Compare the above cited cases with the following cases in which the courts found the officer competent to give an opinion as to speed: *People v. Stafford,* 310 N.Y.S. 2d 637 (Fairport Justice Ct. 1970) (Officer had been primarily involved in active traffic duty for fifteen months spending from 25 to 30 hours per week in this capacity, officer had participated in approximately three days of formal training in clocking speeding violators and compared visual estimates of speed with a properly calibrated speedometer and was accurate to within three miles per hour); *People v. Drachenberg,* 268 N.Y.S. 2d 462 (Oakfield Ct. Spec. Sess. 1966) (Witness was police officer for 18 years and had been judging speeds and working traffic six days a week for those years and could tell whether an automobile was "going 15 miles an hour, 30 miles an hour or 50 miles an hour or better"); *People v. La Bare,* 184 N.Y.S. 2d 107 (Jefferson County Ct. 1959) (Witness was member of state police for six months, had driven for some ten years prior thereto, and had formed opinions as to speed of autos and had checked his opinions with speed measuring devices from five to ten times daily as a state policeman, and that his opinions did not vary a great deal from the devices against which they were checked); and *People v. Wimmer,* 182 N.Y.S. 2d 148 (Jefferson County Ct. 1959) (Facts almost identical to prior opinion). See also *Lilly v. State, supra.*

Courts have also held that speeding convictions can be upheld even where the police officer cannot testify with precise accuracy as to the speed of a vehicle but where the observed speed is substantially above the posed limit. *People v. Olsen, supra* (Variance of 20 to 25 miles above speed limit was clearly sufficient to justify a finding of guilt) and *People v. Boehme,* 152 N.Y.S. 2d 759 (Nassau County Ct. 1955). The Court in *People v. Cunha,* 402 N.Y.S. 2d 925 (Dist. Ct. Nassau County 1978), citing *People v. Clark,* 226 N.Y.S. 2d 828 (Columbia County Ct. 1962), noted that even where the arresting officer's vision was obscured and the visibility was only instantaneous, such testimony was found sufficient to corroborate an untested device. Cf. *People v. Lacey,* 219 N.Y.S. 2d 113 (Nassau County Ct. 1958).

In general, see also 70 A.L.R. 540, supplemented at 94 A.L.R. 1190.

While this Court would have difficulty sustaining a speed conviction herein (requiring proof beyond a reasonable doubt), based on the admitted speed estimate evidence, it does find there was a sufficient

basis to stop the defendant. This finding is based on Sergeant Humm's described experience along with the estimated speed of 15 miles per hour above the 55 miles per hour speed limit.

It is hereby;

ORDERED and ADJUDGED that Defendant's Motion to Suppress is denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 24th day of March, 1988.